### Sam Reid v. The State.

#### No. 4278.    Decided November 8, 1916.

1.—Assault—Evidence—Character of Injured Party—General Reputation.

Where, upon trial of assault, the evidence showed that the alleged injured party, a short time before he was injured, took several big drinks of whisky, the defendant should have been allowed to show that the said injured party, when drinking was a violent and dangerous man, the defendant showing self-defense.

**2.—Same—Rule Stated—Acts and Conduct of Injured Party.**

When self-defense is an issue, from danger as it reasonably appeared to the defendant from the acts and conduct of the injured party at the time, proof of the fact that the latter had the reputation of being a violent and dangerous man, is admissible in evidence. Following Moore v. State, 15 Texas Crim. App., 1, and other cases.

**3.—Same—Evidence—Isolated Acts of Violence.**

Unless defendant was aware of isolated acts of violence by the injured party prior to the difficulty, they are not admissible in evidence.

Appeal from the County Court of Tyler. Tried below before the Hon. Tom F. Coleman.

Appeal from a conviction of simple assault; penalty, a fine of five dollars.

The opinion states the case.

*W. E. Adams* and *J. A. Mooney,* for appellant.—On question of proof of character of injured party: Cooper v. State, 48 Texas Crim. Rep., 36; Ivory v. State, 48 Texas Crim. Rep., 279; Polk v. State, 60 Texas Crim. Rep., 499, 132 S. W. Rep., 767, and cases cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of an assault on B. C. Wheat and prosecutes this appeal from such judgment.

After proving by Laurence McAlister that he "was with B. C. Wheat about noon on the day of the injury and late in the evening of the same day, a short time before he was injured, and at each time he (B. C. Wheat) took a big drink of whisky out of my bottle," appellant proposed to prove by J. E. Wheat and others that they knew the general reputation of B. C. Wheat as a peaceable, law-abiding or a violent and dangerous man when drinking, and that his reputation when drinking was that of a violent and dangerous man. The court sustained the State's objection to such testimony. Appellant by his testimony and the testimony offered in his behalf raised the issue that while he struck the blow as alleged, he did so to prevent Mr. Wheat from striking him with a hammer he then had in his hand raised in a striking position. The court in his charge submitted the issue of self-defense. It seems from the decisions of this court that when self-defense is an issue in the case from danger as it reasonably appeared to defendant at the time from the acts and conduct of the injured party, proof of the fact that the injured party had the reputation of being a violent and dangerous man is admissible, and the court erred in excluding the testimony. Moore v. State, 15 Texas Crim. App., 1; Daniels v. State, 58 Texas Crim. Rep., 569, 126 S. W. Rep., 1153; Horbach v. State, 43 Texas, 242; West v. State, 18 Texas Crim. App., 640; Wharton's Crim. Ev., sec. 63a; Com. v. Tircinski, 2 L. R. A. (N. S.), 108, and cases cited.

There was no error in excluding the testimony as to isolated acts of

violence, as there is no evidence appellant was aware of such acts prior to the time of this assault. If on another trial it should develop that appellant was aware of such acts prior to this difficulty, then proof of such acts will be admissible; otherwise all evidence in regard thereto should be excluded.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*