## ED KING v. THE STATE.

No. 18244.   Delivered April 29, 1936.

The opinion states the case.

*Stollenwerck & Stollenwerck,* of Hillsboro, and *Claude Miller,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for ten years.

The verdict is predicated upon an act of intercourse alleged to have occurred in the town of Milford, Ellis County, Texas, on the 25th of September, 1934.

Prosecutrix, Ruth Rowell, testified, in substance, as follows: She had run away from the State Orphans Home at Corsicana. Five other girls accompanied her, but later she and Ruby Slacker traveled alone along the highway. They met appellant, who was in an automobile, between Abbot and West Station. He stopped them and asked them if they wanted to make some money. He then asked them to take a drink of gin, which they did. He finally dragged her (prosecutrix) to the side of the road and had sexual intercourse with her. She fought him and tried to cry out, but he choked her until she was unable to resist or make an outcry. In the meantime Ruby Slacker left the car and went on down the highway. After appellant had accomplished his purpose he placed her (prosecutrix) in the car and drove to Milford, Texas, where they entered one of the cabins of a tourist camp. Appellant again had an act of sexual intercourse with her. She fought him and did what she could to prevent him from accomplishing his purpose. After this act of intercourse appellant went to sleep. She secured his pocket knife and watch; and, cutting a hole in the screen of the cabin, escaped through the window. She had never had an act of sexual intercourse prior to the occasions in question. At the time appellant assaulted her she was a little more than fourteen years of age.

The State introduced a physician who examined prosecutrix shortly after the alleged acts of intercourse, and who testified that her female organ was bleeding and that there was blood on her thighs and body. Again, his testimony was to the effect that she was bleeding internally from the vagina and that he found lacerations of the hymen. He said: "Upon separation of the vulva I could see well that the hymen presented the appearance of being bruised—it was discolored—bruised and tears there around the circumference of the vagina, and blood coming from these lacerations. Blood oozing from these parts at the time. I could tell that these lacerations were fresh. I also made an examination of the girl's body, and found some bruises on her, and particularly on her throat, that looked as if she had been grasped by the throat with the hand. It showed marks and bruises."

Other witnesses for the State gave testimony corroborating

prosecutrix to the effect that she was at the tourist camp on the occasion in question.

Appellant testified that he was with prosecutrix on the highway; that he carried her in his car to Milford; and that he drove to a tourist camp. He testified further that one of the cabins was open and he went in and lay down on the bed, leaving prosecutrix in the car. When he returned she had gone. At no time did she enter the cabin. Appellant denied that he had sexual intercourse with prosecutrix, either on the highway or in the tourist camp.

The indictment embraces two points; one charging rape by force, and the other alleging that the injured party was under the age of eighteen years and not the wife of appellant.

We deem the evidence sufficient to support the conviction.

In his motion for new trial appellant averred that he did not have a fair and impartial jury to try him, in that William Moore, one of the jurors, had, prior to being impaneled, discussed the case with a witness and had expressed the opinion to said witness that appellant ought to be sent to the electric chair. It appears that upon the trial Tim Williams was a witness for the State, and that he gave damaging testimony against appellant. His testimony was to the effect that on the occasion of the alleged rape he saw prosecutrix leave the tourist camp; that shortly thereafter he saw appellant leave the camp; that after said parties left he entered one of the cabins and found therein a coat and shoe. The testimony on the part of prosecutrix was to the effect that she had left a coat and one of her shoes in the cabin. The articles found in the cabin were identified as her coat and shoe. In short, the testimony of the witness placed appellant and prosecutrix together at the tourist camp on the occasion of the alleged assault. It controverted appellant's testimony to the effect that he and prosecutrix were not together after he (the appellant) entered one of the tourist cabins. On the motion for new trial the witness Williams testified that he talked to the juror Moore sometime prior to the trial and told him what he (the witness) knew about the case. According to his testimony, Moore said at the time that appellant "ought to have the electric chair." Williams testified, as well as other witnesses, upon the motion for new trial that after the trial of the case when Williams called the juror's attention to the statement he had made he finally admitted that he remembered having made same. When the juror was called to testify he declined to deny that he made the statement in question, and would go no

further than to say that he did not remember making it. The testimony was to the further effect that the juror had been questioned on his voir dire concerning any opinion he entertained as to the guilt or innocence of the appellant, and, further, concerning any opinion he had expressed as to the merits of the case. He answered that he had not discussed the case; had expressed no opinion concerning the same to anybody; and entertained no opinion as to appellant's guilt or innocence.

The opinion is expressed that the trial court fell into error in declining to grant the motion for new trial. In Davis v. State, 275 S. W., 1029, it was shown by witnesses for the appellant on motion for new trial that a juror had expressed himself as being prejudiced against Davis. The juror testified but declined to deny that he made some of the statements attributed to him. He testified that he did not remember that he made such statements. In concluding that a new trial should have been granted, this court said:

"We think this case, by reason of the facts recited, does not fall within the rule that where issue is joined upon such a question and the evidence thereon is in conflict the discretion of the trial judge as reflected in his ruling will not ordinarily be disturbed, but are of opinion the evidence upon the matter shows that the fairness of the jury trying appellant has been impeached by showing the presence thereon of a juror whose state of mind towards appellant was such as to deprive him of that character of trial by a fair and impartial jury contemplated by the law."

See also Wilson v. State, 79 S. W. (2d) 852.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.