## JEAN FIELDS V. STATE

No. 27,060.  June 26, 1954
Rehearing Denied November 3, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) December 1, 1954

*William E. Davenport*, San Angelo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, one month in jail. The appellant was tried under an indictment charging assault with intent to murder. The lesser included offense of aggravated assault alone was submitted to the jury.

Mrs. W. O. Willis testified that she had been living with the appellant, appellant's five-year-old daughter, Paula Fields, and some other people at a tourist court in the city of San Angelo for some time prior to February 4, 1952, and that a few days before said date the appellant had committed certain acts of violence against her daughter Paula in the witness' presence. She stated that the appellant placed the child in the kitchen sink and said that she was going to try to drown her, took the child's head and beat it against the faucet, turned the water on, and then placed her foot in the child's stomach, which caused the child to gasp for breath, and that these acts of brutality continued for approximately fifteen minutes. She stated that following this assault she felt of the back of the child's head, and it was "soft" and the child cried.

The witness Taylor, manager of a tourist court, testified that he rented appellant and another woman a room on February 4, 1952, and that later on that night he saw a little girl in the room who had sustained obvious injuries to her face and head.

Mrs. Taylor also testified about the injuries to the child, as did Miss Frances Lewis of the Child Welfare Office, who saw Paula the next day in the hospital.

Dr. Kunath testified that he examined Paula Fields at the hospital at about midnight on February 4, 1952. He described his findings as follows:

"There were extensive bruises about the head; the face was quite swollen; the eyes were swollen almost completely shut, black and blue around both eyes, particularly around the left eye; bruises over the face and scalp, *rather extensive bruises in the occipital area, that it, the back of the scalp.*"

He also testified that a picture of the child which was introduced in evidence accurately portrayed her condition at the time of his examination. He further testified that the injuries had, in

all probability, been inflicted several days before he saw the child and were not of such nature as to probably cause death or serious bodily injury.

Appellant did not testify or offer any evidence in her behalf.

We find the evidence sufficient to support the conviction and shall discuss the exceptions present in the record.

Bill of Exception No. 1 complains of the failure of the court to dismiss the indictment against the appellant. If we understand her contention, it is that August Loshe had been convicted for assaulting the same child (See Loshe v. State, No. 27,036, this day decided, page 561, this volume) and that during the trial of that case the testimony did not show that the appellant had inflicted any injuries on the child. The district attorney testified on the hearing on the motion that the testimony in this case was not identical with that in the Loshe case. We find no merit in the bill.

Bill of Exception No. 2 questions the sufficiency of the evidence upon which we have already passed.

By informal bills she attacks the admissibility of the picture of the child. Recently, in McFarland v. State, 159 Texas Cr. Rep. 658, 266 S.W. 2d 133, we upheld the admissibility of pictures of the injured female in an aggravated assault prosecution.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Inasmuch as the witness Willis, by her testimony, made a prima facie case of appellant's guilt of assaulting the child, we are unable to follow appellant in her contention that the evidence adduced upon the trial of the Loshe v. State case, which she contends shows that she did not inflict the injuries upon the child, required the dismissal of this prosecution.

The facts in the Loshe case (No. 27,036, page 561, this volume) cannot be used to overcome or destroy the testimony

548

adduced upon the trial of this case. The jury was authorized to believe the state's testimony.

We remain convinced of the correctness of our disposition of this case in our original opinion.

The motion for rehearing is overruled.

Opinion approved by the court.