JIMMY N. SHAVER V. STATE

No. 27,627. June 22, 1955

*M. C. Gonzales,* San Antonio, *B. D. Geeslin* and *Newman & McCollum,* Brady, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Richard J. Woods,* Assistant Criminal District Attorney, San Antonio, *Bill Allcorn,* District Attorney, Brownwood, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is murder; the punishment, death.

The trial was had in McCulloch County on a change of venue from Bexar County.

Appellant's defense was that of insanity.

In view of the disposition we make of this case, a summary of the facts will be omitted.

Appellant contends that the trial court erred in overruling his motion for a new trial based upon the ground that he did not have a fair trial by an impartial jury. A hearing was had on said motion under allegations that Troy Cates, one of the jurors, had formed and expressed an opinion as to appellant's guilt and the punishment he would assess prior to the time he was selected on the jury.

It was shown on the hearing that said juror, on voir dire examination, answered that he had no interest, prejudice, or opinion and had expressed none as to appellant's sanity or his guilt or innocence.

It was further shown that neither appellant or his counsel were negligent in failing to discover said juror's attitude toward the accused. They relied upon his answers to questions on his voir dire touching his knowledge of any fact or his feeling toward appellant which might influence him in his action as a juror in finding a verdict.

Appellant's witness, Ramey Dikes, testified that on the morning that Troy Cates reported for jury service, he heard him say: "I have to go to town, I am on the special venire panel" and "If I am selected on that jury I will burn the bum (meaning the appellant) or hang the jury until doomsday."

The state's witness, Bobby Lee Miller, testified as follows: "I don't remember the specific day the conversation was going on; but after we heard the (appellant's) case was coming up for trial here, we discussed it pro and con; but prior to the special venire being called for the case, I will truthfully say that I heard Troy Cates express his opinion that if he were to sit on that jury, he would in all probability give the man the chair."

Berta Sell, called by the state as a witness, testified that when the newspapers first reported the transfer of appellant's case to McCulloch County that she and Troy Cates had many arguments about it, and that he, at that time, expressed to her a fixed opinion that the appellant was sane.

Troy Cates, the juror here under attack, was called by the state as a witness, and he testified that he saw Ramey Dikes on the day he reported for jury service, but denied making the statement attributed to him by the witness Dikes as above shown. He admitted arguing with Berta Sell many times about the sanity of the appellant, but said he couldn't recall having expressed an opinion as to his sanity.

On cross-examination, Cates testified that he was a brother-in-law of the sheriff of McCulloch County and had been deputy sheriff under him for two and one-half years. He further testified as follows:

"Q. You had many discussions about the case with different ones out there, didn't you? A. Yes; we all talked about it more or less about the time it was sent to Brady.

"Q. They expressed their opinions as to what they thought ought to be done, and you expressed your opinion as to what you thought should happen in the case? A. Well, yes.

\* \* \* \* \* \* \* \*

"Q. You expressed the opinion to other people that he was guilty? A. I might have at some time; I don't recall.

"Q. If Bobby Lee Miller testified you told him you thought the

boy ought to get the electric chair, he would not be lying, would he? A. I don't think I said that; I don't remember saying it."

Our Bill of Rights provides that the accused in all criminal prosecutions shall have a fair trial by an impartial jury. Texas Const., Art. I, Sec. 10.

An impartial jury has been said to be one which favors neither party, which is unprejudiced, disinterested, equitable, and just; and is composed of jurors who have not prejudged the merits of the case. Randle v. State, 34 Texas Cr. R. 43, 28 S.W. 953; Duncan v. State, 79 Texas Cr. R. 206, 184 S.W. 195.

It has also been said that an impartial jury is one composed of twelve impartial jurors. The presence of one partial juror on a jury destroys the impartiality of the body, and renders it partial. Texas Const., Art. V, Sec. 13; Adams v. State, 92 Texas Cr. R. 264, 243 S.W. 474. The jury acts as a unit, and the disqualification or prejudice of one of its members is sufficient, upon a motion for a new trial, to vitiate the verdict. Bolt v. State, 112 Texas Cr. R. 267, 16 S.W. 2d 235; Hillyard v. State, 116 Texas Cr. R. 567, 34 S.W. 2d 601; Burge v. State, 117 Texas Cr. R. 141, 35 S.W. 2d 735; King v. State, 129 Texas Cr. R. 371, 87 S.W. 2d 726.

Ordinarily, the judgment of the trial court on an issue of fact developed on the hearing of a motion for a new trial alleging that a juror, before the trial, had formed and expressed an opinion as to the accused's guilt or had made statements which showed prejudice against him will not be disturbed by this court, unless it is shown that the trial judge abused his discretion in overruling such motion. Branch's Ann. P.C., 288, Sec. 565; Wright v. State, 152 Texas Cr. R. 331, 213 S.W. 2d 826, 829.

We are of the opinion that, under the evidence adduced upon the hearing of the motion for a new trial in this case, there was no issue of fact raised which required consideration and determination by the trial court because the evidence clearly and affirmatively shows that the juror in question had, prior to his selection, formed and expressed his opinion as to the sanity and guilt of the appellant as well as to the punishment he would assess if selected. The statements and opinions by said juror showed a state of mind toward appellant which deprived him of his right to a fair trial by an impartial jury as contemplated by law. Texas Const., Art. I, Sec. 10; 26 Texas Jur. 770, Sec. 206; Duncan v. State, supra; Davis v. State, 101 Texas Cr. R.

352, 275 S.W. 1029, 1035; Wilson v. State, 128 Texas Cr. R. 175, 79 S.W. 2d 852; King v. State, 130 Texas Cr. R. 296, 94 S.W. 2d 173; Anderson v. State, 135 Texas Cr. R. 104, 117 S.W. 2d 465.

Appellant objected to the introduction in evidence of the picture showing the body of the deceased at the scene of the crime. We have carefully considered the entire record in the light of appellant's objection thereto and are of the opinion that, upon another trial under the same or similar evidence, the picture shown in this record of the body should not be admitted in evidence.

Having reached the conclusion that the trial court erred in overruling appellant's motion for a new trial, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.