Jimmy Rex WHALEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 35471.

Court of Criminal Appeals of Texas.

April 3, 1963.

Rehearing Denied May 29, 1963.

**704**

Walker Brents, Jr., Fort Worth (on appeal only), for appellant.

Doug Crouch, Dist. Atty., Conard Florence, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, life.

In view of our disposition of the case, a recitation of the facts will not be necessary other than to observe that appellant and one of his companions were armed with pistols and deceased had two pistols on the seat beside him when he was killed after midnight in front of a beer drinking establishment.

During the course of his argument to the jury, the district attorney read certain portions of appellant's confession, which had not been introduced in evidence, and which contradicted appellant's testimony on a vital issue in the case. This was clearly error.

Over proper objection, the court permitted the State to offer into evidence three pictures of the nude body of the deceased and two pictures of the automobile in which he had been seated and which showed large pools of blood. None of these pictures solved any issue in the case, were highly inflammatory and should not have been admitted in evidence.

Recently, in Cavazos v. State, Tex.Cr. App., 365 S.W.2d 178, we held that the pictures of the nude body of the deceased were not admissible under the rule cited in Alcorta v. State, Tex.Cr.App., 294 S.W.2d 112. In Alcorta, there was an issue made by appellant's testimony as to the number of wounds he had inflicted upon the body of the deceased, and we held the pictures admissible only in order to solve that disputed issue. In the case at bar, no issue was made which could have been solved by the introduction of the pictures; they were obviously inflammatory and constitute reversible error.

The judgment is reversed and the cause remanded.