Carrel Wayne PITCOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 40644.

Court of Criminal Appeals of Texas.

Oct. 25, 1967.

Rehearing Denied Dec. 6, 1967.

John L. Scott, Jr., Amarillo, for appellant.

Naomi Harney, County Atty., Franklin Killough, Ass't. County Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for aggravated assault, with the punishment assessed at two years in jail.

The assaulted party was the wife of the appellant.

The refusal of appellant's motion for a new trial is urged as reversible error upon the ground that the state did not contradict it.

■ It is not necessary for the state to join issue with the defendant by a written pleading. Art. 40.06, Vernon's Ann. C.C.P.; Cade v. State, 96 Tex.Cr.R. 523, 258 S.W. 484; Smith v. State, 162 Tex.Cr.R. 237, 283 S.W.2d 936, 939. Further, the motion for new trial was supported by one affidavit, that of Jerrie Shaw, who testified at the trial. Her affidavit recites that she told appellant's counsel about the statements (those relied on by appellant) on September 21, which was before the trial on September 22. No reasonable diligence is shown to obtain the complained of testimony. No error is presented.

■ As ground for reversal, the appellant contends in his brief that the trial court erred in refusing his first motion for a continuance for the reason that Alfred Manson, a material witness for him, was by force, threats and intimidation by the assaulted party made to evade process of the court.

The appellant's affidavit in support of his motion states that Alfred Manson was a witness at a hearing held July 23, 1966, on the application of the assaulted party to have him placed under a peace bond; and that after the hearing it was reported to the appellant that the assaulted party "made the statement that her brother would be looking for Alfred Manson and would get him." Appellant's counsel attended the peace bond hearing.

There is no showing of the time the assaulted party made the statement or when the report thereof was made to the appellant.

The complaint and information were filed July 12, 1966. The case was set August 1, 1966, for trial on September 20, 1966, and was passed on motion to September 22. Appellant's counsel knew Manson before the date of the offense charged, and shortly after it was set for trial on August 1, he told Manson to be present as a defense witness on September 20, and talked with Manson subsequent to August 18; and when he began preparing for trial about one week before September 22, he was unable to locate Manson, and for the first time made application for a subpoena for him on September 15, the return thereon showing that he could not be located. Appellant's counsel did not testify that Manson had promised to be present at the trial.

The proper diligence required by law was not used to secure the attendance of Manson.

The trial court did not abuse its discretion in refusing to grant the motion for continuance.

■ Error is urged on the ground that the photographs of the assaulted party,

showing her injuries, were admitted in evidence over appellant's objection that they served no purpose and were inflammatory and prejudicial.

The assaulted party testified that the appellant hit her on the head. While testifying, the appellant denied hitting her on the forehead.

The accuracy of the photographs is not in dispute.

An examination of the photographs in the record reveal a wound on the forehead of the assaulted party. They were admissible on the issue of whether appellant hit her on the head. No error is shown.

It is insisted that the trial court erred in refusing to admit evidence of prior unprovoked attacks and acts of violence by the prosecuting witness upon third persons of which the appellant had specific knowledge.

On the state's written motion the court excluded only the testimony of the complainant's immoral sexual conduct.

The testimony does not reveal that the appellant knew of any unprovoked attacks upon third parties prior to the assault alleged herein. No error is presented. Reid v. State, 80 Tex.Cr.R. 288, 189 S.W. 483.

Reversal is sought on the ground that appellant was not allowed to cross-examine the assaulted party about whether she intimidated and threatened Alfred Manson, a material witness for appellant, and caused him to evade the process of the court.

An examination of the record reflects that the trial court did not restrict or limit the testimony of the assaulted party concerning whether she intimidated and threatened Alfred Manson, and there is no showing of any offer or attempt to offer or introduce such testimony from her. No error is presented.

The judgment is affirmed.