Charles PAIT, Appellant,

v.

The STATE of Texas, Appellee.

No. 41505.

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Clyde W. Woody, (on appeal only), Marian S. Rosen, (on appeal only), Charles C. Orsburn, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Hirtz, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is aggravated assault with a prior conviction of an offense of the same nature alleged for enhancement under Article 61, Vernon's Ann.P.C.; the punishment, 6 months in jail and a fine of $1,000.

■ Appellant's first ground of error is that the verdict is contrary to the law and

evidence in the case. We have examined this 342 page record and find the evidence amply sufficient to support the conviction.

The State's evidence shows that on August 22, 1966, after some difficulty between the two the day before, appellant apprehended the complaining witness, J. C. Hernandez, at pistol point, forcing a fellow employee of Hernandez's to tie his hands behind him. He then transported Hernandez in a van to his (appellant's) home in the City of Pasadena, Harris County, Texas. In the presence of his family appellant beat Hernandez about the head with a shotgun and his fist and kicked Hernandez in the ribs and in the back.

Testifying in his own behalf, appellant claimed Hernandez and fellow workers chased him to his home, and there he disarmed Hernandez. He denied ever striking Hernandez or that anyone in his presence hit Hernandez, and denied that Hernandez had blood streaming down his face when he left appellant's house.

Appellant also produced four other witnesses who substantiated his version of the events.

In rebuttal, among other things, the State introduced State's Exhibit #1, a colored photograph of the complainant's face and head showing that he had been beaten and had blood on his face and head. The officer who made the scene testified that he found Hernandez bleeding from the head when he arrived and there was blood on the grass. He identified State's Exhibit #1 as a fair and accurate representation of the condition of Hernandez's head when he arrived at the Pasadena police station where he had been taken directly from the scene of the alleged offense. The officer related that the picture was taken five or ten minutes after Hernandez's arrival and he was present when it was taken by another officer.

■ In his second ground of error, appellant contends the trial court erred in admitting State's Exhibit #1. It is clear that

there was a disputed fact issue upon which the photograph tended to shed light, and for that reason alone the exhibit was admissible. Burns v. State, Tex.Cr.App., 388 S.W.2d 690, reversed on other grounds; Burns v. Beto (5th Cir.), 371 F.2d 598; Alcorta v. State, Tex.Cr.App., 294 S.W.2d 112, 115, reversed on other grounds; 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9; conformed 308 S.W.2d 519; Wilkerson v. State, 170 Tex.Cr.R. 525, 342 S.W.2d 431; Craig v. State, 171 Tex.Cr.R. 256, 347 S.W.2d 255; See also Whaley v. State, Tex.Cr.App., 367 S.W.2d 703; Cavazos v. State, Tex.Cr.App., 365 S.W.2d 178; Borroum v. State, 168 Tex.Cr.R. 552, 331 S.W.2d 314; Davis v. State, 165 Tex.Cr.R. 456, 308 S.W.2d 880; Wooley v. State, 162 Tex.Cr.R. 378, 285 S.W.2d 218; Shaver v. State, 162 Tex.Cr.R. 15, 280 S.W.2d 740. Cf. Pitcock v. State, Tex.Cr.App., 420 S.W.2d 719, involving the introduction of a photograph showing injuries in an aggravated assault prosecution. Ground of error #2 is overruled.

In Burns v. Beto, supra, while recognizing the "disputed issue" rule of this Court, the United States Court of Appeals further stated: "We hold that so long as photographs accurately represent what they purport to depict and are logically relevant, their extreme gruesome and prejudicial character cannot make their admission in evidence amount to a denial of due process."

In his third ground of error appellant contends that such photograph (State's Exhibit #1) was not shown to be a correct representation of the facts they purported to convey and thereby its introduction was calculated to prejudice and inflame the minds of the jurors. This contention appears to be based on the fact that three photographs of the complainant were taken, each from a different angle, and that the one in question shows only one side of the complainant's face and head and could not truly depict the whole situation or condition of the complainant. The existence of other photographs does not prevent State's Exhibit #1 from fairly and accurately representing what it purports to depict. If a witness who saw with his naked eye the object of or scene in the photograph testifies that the photograph truly and accurately represents that object or scene, that photograph is qualified for admission into evidence. Fields v. State, 160 Tex.Cr.R. 545, 272 S.W.2d 520; Mc-Farlane v. State, 159 Tex.Cr.R. 658, 266 S.W.2d 133.

Appellant's contention is without merit. Ground of error #3 is overruled.

The judgment is affirmed.

MORRISON, Judge (concurring).

While I have dissented in several of the cases cited by the majority on the question of the introduction of the picture of the injured party, I am satisfied that in this case an issue was made by appellant and his witnesses which authorized admission of the picture in evidence.