**Vincent B. ALANIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00038–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 11, 1996.

Raymond E. Fuchs, San Antonio, for Appellant.

Alan E. Battagalia, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before CHAPA, C.J., and LÓPEZ and HARDBERGER, JJ.

1. Tex. Health & Safety Code Ann. Sec. 481.112(d) (Vernon 1992).

2. Tex. Health & Safety Code Ann. Sec. 481.115(d) (Vernon 1992).

## OPINION

CHAPA, Chief Justice.

### Nature of the Case

This is an appeal from a conviction of one count of possession of cocaine with intent to deliver[1] and one count of possession of cocaine.[2] In one point of error, appellant contends that he received ineffective assistance of counsel. We reverse and remand.

### Factual and Procedural Background

In June of 1995, San Antonio Police Detective Rene Rodriguez received information from a confidential informant that appellant was selling cocaine from his residence at 203 Whitman in San Antonio, Texas. Based upon this information, Rodriguez obtained a search warrant for the house. At the time that the search warrant was executed, appellant, his father, and his brother were detained in the house, read a copy of the search warrant, and given their Miranda[3] rights.

In conducting the search, Rodriguez discovered cocaine with a street value of over $10,000 in a storage area outside of the house. The search also revealed Inosital, which is a powdered adulterant used to cut down cocaine for selling purposes, three sets of scales, and a beer can filled with plastic baggies similar to the kind used to package narcotics.

Appellant was arrested and indicted for one count of possession of cocaine with intent to deliver, 4 to 200 grams, and one count of possession of cocaine, 4 to 200 grams. Appellant entered a plea of not guilty and was tried by a jury. The jury returned a verdict of guilty as to each count and assessed punishment at ninety-nine years confinement for count one and twenty years confinement for count two.

### Argument on Appeal

In his sole point of error, appellant contends that he received ineffective assistance of counsel. Appellant alleges ten separate

3. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

instances of deficient performance on the part of his trial counsel. We find one of these instances, taken alone, to be so egregious that it undermines confidence in appellant's conviction and warrants its reversal.

The test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 690–94, 104 S.Ct. 2052, 2065–68, 80 L.Ed.2d 674 (1984), has been adopted in Texas for resolving allegations of ineffective assistance of counsel under both the federal and state constitutions. *See Holland v. State,* 761 S.W.2d 307, 314 (Tex.Crim.App. 1988), *cert. denied,* 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989). According to *Strickland,* an appellant must demonstrate that trial counsel's performance was so wrought with error that the attorney was not functioning effectively as counsel; and then, that trial counsel's deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial. *Strickland,* 466 U.S. at 690–94, 104 S.Ct. at 2065–68; *Butler v. State,* 872 S.W.2d 227, 241 (Tex.Crim.App.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995).

■ Prejudice is demonstrated when the appellant shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. In this regard, a strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment and trial strategy. *Id.* at 689, 104 S.Ct. at 2065. However, when trial counsel's errors are so fundamental that they cannot be rationally excused as "trial strategy," ineffective assistance of counsel exists. *Green v. State,* 899 S.W.2d 245, 248 (Tex. App.—San Antonio 1995, no pet.). Such is the situation in the case before us.

■ During general voir dire in this case, venireperson number 5 asked to approach the bench. Upon doing so, he stated that he could not be fair. He expounded on his bias with the following statements: "I feel like if he already got brought in, he's guilty.... I grew up around people like this.... I wouldn't be impartial." The court then asked venireperson number 5 to be seated and told the attorneys that he was struck for cause. At the conclusion of voir dire, the trial court indicated that venire people 2, 5, 14, 22, 25, 27, 29, 31, 38, and 42 were struck for cause. The court then corrected itself, stating, "Six is the one that is struck for cause, not 5." This was clearly a mistake on the trial court's part. However, no objection to this mistake was raised and venireperson number 5 was empaneled as a member of the jury.

The Court of Criminal Appeals has held that a trial counsel's failure to challenge a venireperson who has voiced his lack of impartiality does not constitute ineffective assistance of counsel. *See Jackson v. State,* 877 S.W.2d 768, 772 (Tex.Crim.App.1994); *Delrio v. State,* 840 S.W.2d 443, 447 (Tex. Crim.App.1992); *see also Kemp v. State,* 892 S.W.2d 112, 114 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd)(following *Jackson* and *Delrio*). In *Jackson,* a venireperson in a robbery prosecution had been a robbery victim in the past. He stated that he could not be impartial. He was not challenged and eventually sat on the jury. The court held that because the record contained no reason for counsel's failure to challenge the venireperson, it was unable to conclude that counsel's performance was deficient. *Jackson,* 877 S.W.2d at 771. In *Delrio,* a venireperson was an ex-narcotics officer in a narcotics prosecution. He stated that he knew the defendant from his work and could not be impartial. There was no challenge and the venireperson became a member of the jury. The court held that because the record was silent regarding the reasons for counsel's failure to challenge, the record was insufficient to rebut the strong presumption in favor of effective assistance. *Delrio,* 840 S.W.2d at 447.

Here, the record indicates no reason for trial counsel's failure to object to venireperson number 5 being seated on the jury. However, we are not faced with a situation in which a biased venireperson is left unchallenged by defense counsel as were the courts in *Jackson* and *Delrio.* Instead, we are faced with a situation in which a biased venireperson has been *sua sponte* excused for

cause by the trial court. It is in this respect that the present case is distinguishable from *Jackson* and *Delrio*. The trial court had already indicated that venireperson number 5 was struck for cause. As such, venireperson number 5 became a member of the jury only because the trial court made a mistake. Therefore, the issue in this case is whether trial counsel was ineffective not for failing to challenge a biased venireperson, but for allowing a venireperson who had been previously excused to become a member of the jury.

There is a difference between raising an objection to a venireperson's potential bias and pointing out to the trial court that it is seating a juror who it has already struck for cause. In the former situation, we acknowledge that counsel might possess a strategic reason for failing to raise a challenge for cause. However, the latter situation requires no particular exercise of reason or judgment. When a venireperson has already been properly struck for cause as a result of an expression of bias against the defendant, there is no cognizable reason why an attorney who is representing his client's best interest would permit such venireperson to be seated as a juror. We find that trial counsel's inaction in allowing venireperson number 5 to be seated as a juror goes beyond what any reasonable attorney might consider trial strategy and deprived appellant not only of his constitutional right to be represented by counsel but also of his constitutional right to an impartial jury. *See Gray v. Mississippi,* 481 U.S. 648, 668, 107 S.Ct. 2045, 2056–57, 95 L.Ed.2d 622 (1987).

It is fundamental to our system of jurisprudence that an accused is entitled to an impartial jury composed of people who have not prejudged the merits of the case. *Shaver v. State,* 162 Tex.Crim. 15, 280 S.W.2d 740, 742 (1955), Tex. Const. art. I, § 10. The presence of one biased juror destroys the impartiality of the entire jury and renders it partial. *Shaver,* 280 S.W.2d at 742. The United States Supreme Court has consistently recognized the constitutional right to an impartial jury. *See Gray,* 481 U.S. at 668, 107 S.Ct. at 2056–57. The Court in *Gray* noted that

We have recognized that some constitutional rights [are] so basic to a fair trial that their infraction can never be treated as harmless error. The right to an impartial adjudicator, be it judge or jury, is such a right.

*Id.* (citations omitted). In the present case, appellant was deprived of his right to impartial adjudication as a result of his trial counsel's oversight. No further harm need be shown. However, it is impossible to ignore the fact that had an unbiased juror sat in place of venireperson number 5, our confidence in the verdict would be significantly higher.

On this ground alone, appellant's point of error is sustained. As such, it is unnecessary for us to address appellant's remaining allegations of ineffective assistance, which, we note, indicated a further lack of proper attention to providing appellant with effective representation. The judgment of the trial court is reversed and the case is remanded to the trial court for a new trial.