*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-11-00241-CR

Shann Alaric **ROWAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR10393C
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 22, 2012

AFFIRMED

Appellant Shann Alaric Rowan was convicted by a jury of murder and assessed a punishment of confinement in the TDCJ-ID for a term of ninety-nine years. On appeal Rowan asserts that the trial court erred by allowing a potentially biased venire member to sit on the jury, thus denying his right to a fair and impartial trial. We affirm the trial court's order and judgment.

## BACKGROUND

During voir dire, Rowan's counsel asked venire member Frank Aguilar where he worked. Aguilar responded that he worked part-time for the IRS in San Antonio, Texas. Counsel asked Aguilar if he knew Susie Burns, a person who might be a witness in the case; Aguilar responded that he did not. Burns is Rowan's mother, but counsel did not mention that relationship during voir dire. Rowan did not challenge Aguilar, and Aguilar was seated on the jury. Burns did not testify at trial but testified during the motion for new trial.

Both Burns and Aguilar worked for the IRS. In her affidavit and testimony for Rowan's motion for new trial, Burns testified that she is a manager for the IRS and that Aguilar had a romantic relationship[1] for at least one year with one of her employees, Connie Torres, and Aguilar would often come to the office to have lunch with Torres. According to Burns, Torres requested a performance evaluation to obtain a promotion and Burns gave her a mediocre evaluation that resulted in Torres not receiving a promotion. Burns testified that she believed Torres blamed her and had professional animosity towards her due to the lack of promotion. Burns believed the adverse performance evaluation and Torres's unrealized promotion biased Aguilar against Rowan. Rowan contends that during voir dire, Aguilar intentionally denied he knew Burns because he was biased against Burns and wanted to harm Rowan. Rowan asserts that because he was not aware of this material information, he was unable to strike Aguilar from the venire, and thus he was denied his right to a fair and impartial jury. Rowan appeals the trial court's order and judgment.

---

[1] In her affidavit supporting Rowan's motion for new trial, Burns referred to Torres as Aguilar's "significant other"; in her testimony at the hearing on the motion for new trial Burns referred to Torres as Aguilar's "common law wife/girlfriend." The State does not dispute that Aguilar and Torres were romantically linked.

**ALLEGEDLY BIASED JUROR**

## A. Standard of Review

We review the trial court's denial of a motion for new trial for an abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). "We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Webb*, 232 S.W.3d at 112. "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable." *Id.*; *accord Lewis*, 911 S.W.2d at 7.

## B. Applicable Law

### 1. Right to an Impartial Jury

"A criminal defendant has a constitutional right to trial by an impartial jury." *Walker v. State*, 195 S.W.3d 250, 256 (Tex. App.—San Antonio 2006, no pet.); *see* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. An impartial jury is one that is "unprejudiced, disinterested, equitable, and just, and is composed of jurors who have not prejudged the merits of the case." *Shaver v. State*, 280 S.W.2d 740, 742 (Tex. Crim. App. 1955); *see Armstrong v. State*, 897 S.W.2d 361, 368 (Tex. Crim. App. 1995) (per curiam).

### 2. Selecting Impartial Jurors

If a venire member withholds material information during voir dire, the defendant is unable to intelligently exercise his challenges and peremptory strikes and is hindered in his ability to select an impartial jury. *See Franklin v. State*, 12 S.W.3d 473, 477–78 (Tex. Crim. App. 2000); *Salazar v. State*, 562 S.W.2d 480, 482 (Tex. Crim. App. [Panel Op.] 1978). In such a case, if defense counsel was diligent and without fault, "'good ground exists for a new trial.'"

*Franklin*, 12 S.W.3d at 478 (quoting *Von January v. State*, 576 S.W.2d 43, 45 (Tex. Crim. App. [Panel Op.] 1978)).

### 3. Asserting Juror Misconduct in a Motion for New Trial

In a motion for new trial of a criminal conviction, the appellant has the burden to prove any allegation of juror misconduct. *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Rodriguez v. State*, 336 S.W.3d 294, 301 (Tex. App.—San Antonio 2010, pet. ref'd). If the juror misconduct ground for new trial is based on facts outside the record, the facts "must be supported by the affidavit of a juror or some other person who was in a position to know the facts, or must state some reason or excuse for failing to produce the affidavits." *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985) (internal quotation marks and citation omitted); *see Bearden v. State*, 648 S.W.2d 688, 691 (Tex. Crim. App. 1983). The trial court determines any witness's credibility, and has discretion to deny a motion for new trial if there is conflicting evidence on a jury misconduct fact question. *Lewis*, 911 S.W.2d at 7; *see Guevara v. State*, 4 S.W.3d 771, 779 (Tex. App.—San Antonio 1999, no pet.).

## C. Analysis

### 1. The Arguments

Rowan asserts he was denied a fair trial because Aguilar knew Burns was Rowan's mother, he was biased against Burns, and he wanted to influence the outcome of Rowan's trial. In his motion for new trial, Rowan argues he demonstrated that Aguilar concealed material information, his trial counsel was diligent and not at fault, and the trial court erred by denying his motion for new trial. The State responds that there is no evidence Aguilar knew Burns was related to Rowan, and that Rowan's arguments are based on speculation rather than evidence.

### 2. *Rowan's Burden*

Rowan had the burden to prove his allegations that Aguilar was biased against him. *See Hughes*, 24 S.W.3d at 842; *Patrick*, 906 S.W.2d at 498. To prove his allegations, Rowan provided two affidavits and his mother's testimony. Rowan's affidavit merely referred to what his mother told his defense counsel. Burns's affidavit alleged that Aguilar was biased against Rowan because Burns denied Torres a promotion. Neither affidavit includes any statement made by Aguilar about Rowan, Burns, or the trial. *Cf. Rodriguez*, 336 S.W.3d at 301 (addressing a non-juror's affidavit alleging juror bias).

At the hearing on his motion for new trial, Rowan only called Burns—who was not a juror and was merely acquainted with Aguilar. Burns testified that Aguilar knew Rowan was her son, and Aguilar wanted to get back at Burns for denying Torres a promotion. But it is not clear when or if Aguilar knew Burns was Rowan's mother. During her cross-examination, Burns admitted that Aguilar had never met Rowan. The record shows that, during voir dire, defense counsel did not identify Burns as Rowan's mother. The only evidence that Aguilar knew that Burns is Rowan's mother is Burns's testimony. Burns testified that just before the jury began its deliberations, she was introduced as Rowan's mother and Aguilar saw her. This introduction, however, is not reflected in the reporter's record.

Further, the only basis Rowan alleges for Aguilar's bias was Aguilar's supposed enmity towards Burns because she denied Torres a promotion. Burns's belief is based on a comment made to Burns weeks after the trial was over. In a workplace conversation between Burns and Torres about a dispute Torres had with a co-worker, Torres told Burns that "when I get angry, even the devil himself is afraid of me." Burns speculated that the comment was meant to inform Burns that Aguilar and Torres conspired to influence the outcome in Rowan's trial. Rowan

provides no evidence, however, that Aguilar was aware of any conflict between Torres and Burns, that Torres attempted to influence Aguilar because of the failed promotion, or that Aguilar felt any bias for or against Rowan.

The trial court considered the affidavits and heard Burns's testimony. *See Lewis*, 911 S.W.2d at 7. It implicitly found that Rowan failed to meet his burden to prove his allegation of juror misconduct and expressly denied Rowan's motion for new trial. *See Hughes*, 24 S.W.3d at 842. Considering the evidence in the light most favorable to the trial court's order, we cannot say that the trial court's decision was outside the zone of reasonable disagreement or was either arbitrary or unreasonable. *See Webb*, 232 S.W.3d at 112; *Lewis*, 911 S.W.2d at 7.

## CONCLUSION

We conclude that the trial court did not abuse its discretion when it denied Rowan's motion for new trial based on an allegedly biased juror, and Rowan was not denied a fair trial. Therefore, we affirm the trial court's order and judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH