ACCEPTED
12-15-00022-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/10/2015 11:19:44 AM
CATHY LUSK
CLERK

CAUSE NO. 12-15-00022-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/10/2015 11:19:44 AM
CATHY S. LUSK
Clerk

FOR THE

STATE OF TEXAS

DARRELL WAYNE BELL,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

**STATE'S REPLY TO APPELLANT'S BRIEF**

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

JACOB D. PUTMAN
Assistant Criminal District Attorney
Bar I.D. No. 24065929
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (979) 590-1719

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . 2

**COUNTERPOINT ONE: THE RECORD DOES NOT SUPPORT THAT
 APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING
 TO REQUEST A LESSER-INCLUDED OFFENSE INSTRUCTION.** . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# INDEX OF AUTHORITIES

**STATUTE/RULES**                                                                    **PAGE**

**TEX. PENAL CODE**

§ 21.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

§ 21.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

§ 22.021 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

**FEDERAL CASES**                                                                    **PAGE**

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5, 6, 8, 9

**STATE CASES**                                                                      **PAGE**

*Alaniz v. State*, 937 S.W.2d 593
(Tex.App. - San Antonio 1996, *no pet*.) . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Banda v. State*, 890 S.W.2d 42
(Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 5

*Ex parte Thompson*, 179 S.W.3d 549
(Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 5

*Ex parte Zepeda*, 819 S.W.2d 874
(Tex.Crim.App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Goad v. State*, 354 S.W.3d 443
(Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 5

*Hall v. State*, 225 S.W.3d 524
(Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5

**STATE CASES** (cont.)                                                                    **PAGE**

*Hampton v. State*, 109 S.W.3d 437
(Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Hernandez v. State*, 726 S.W.2d 53
(Tex.Crim.App.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Jackson v. State*, 877 S.W.2d 768
(Tex. Crim.App. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Kemp v. State*, 892 S.W.2d 112
(Tex.App. - Houston [1ˢᵗ Dist.] 1994, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . .   7

*McFarland v. State*, 845 S.W.2d 824
(Tex.Crim.App.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Rice v. State*, 333 S.W.3d 140
(Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Rios v. State*, 990 S.W.2d 382, 385
(Tex. App. - Amarillo 1999, *no pet*.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Smith v. State*, 297 S.W.3d 260
(Tex. Crim. App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Thompson v. State*, 9 S.W.3d 808
(Tex.Crim.App.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

CAUSE NO. 12-15-00022-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

---

DARRELL WAYNE BELL,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

---

**STATE'S REPLY TO APPELLANT'S BRIEF**

---

**TO THE HONORABLE COURT OF APPEALS**:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, and respectfully urges this Court to overrule Appellant's alleged error and affirm the judgment and sentence of the trial court in this case.

1

## STATEMENT OF FACTS

Appellant has accurately stated the essential nature of the evidence presented at his trial. In the interest of judicial economy, any other facts not mentioned herein that may be relevant to disposition of Appellant's point of error will be discussed in the State's arguments in response to that point.

## REPLY TO APPELLANT'S POINT OF ERROR AND SUMMARY OF ARGUMENT

**COUNTERPOINT ONE: THE RECORD DOES NOT SUPPORT THAT APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A LESSER-INCLUDED OFFENSE INSTRUCTION.**

### A.    Summary of Argument

Under his only point of error, Appellant argues his trial attorney was ineffective for failing to request a lesser-included offense instruction. (Appellant's brief at 3). However, Appellant has failed to establish that he is entitled to relief where the record does not support a lesser-included offense instruction.  Even if the record does support a lesser-included offense instruction, the record is insufficient to establish that counsel was ineffective for not requesting the instruction.

### B.    Lesser-Included Offense Instruction

Determining whether a defendant is entitled to a lesser-included-offense instruction requires a two-part analysis. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007). The Court must first consider whether the offense contained in the

2

requested instruction is a lesser-included offense of the charged offense. *Id* at 535. If the requested instruction is a lesser-included offense, then the Court must decide whether the admitted evidence supports the instruction. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011).

The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser-included offense. *Id*. at 145. "[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). "However, we may not consider '[t]he credibility of the evidence and whether it conflicts with other evidence or is controverted.'" *Goad v. State*, 354 S.W.3d 443, 446-447(Tex. Crim. App. 2011). (citing *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994)). If a lesser-included instruction was not warranted by the evidence admitted, then it cannot be ineffective assistance of counsel not to request the lesser-included instruction. *Ex parte Thompson*, 179 S.W.3d 549, 559-560 (Tex. Crim. App. 2005).

**1. Aggravated Sexual Assault and Indecency with a Child are Lesser-Included Offenses**

Appellant was indicted for Continuous Sexual Abuse of a Young Child under §21.02 of the Texas Penal Code. (CR: 1). Continuous Sexual Abuse requires proof of more than one specific act of sexual abuse over a period of more than 30 days. *Id*. In this case, Appellant's indictment for Continuous Sexual Abuse alleges several specific instances of Indecency with a Child under §21.11 Texas Penal Code and Aggravated Sexual Assault under §22.021 Texas Penal Code. *Id.* The State concedes that both Indecency with a Child and Aggravated Sexual Assault of a Child are lesser-included offenses of Continuous Sexual Abuse in this case under the first prong of *Hall.*

**2.     The Admitted Evidence Does Not Support a Lesser-Included Instruction**

Appellant describes several instances of testimony in the record that he believes support a lesser-included instruction. (Appellant's brief at 6-8). Each of these instances are conflicts Appellant believes exist within the testimony of the victim, L.K.. *Id*. However, Appellant has not identified any evidence or testimony in the record that would permit a jury rationally to find a him guilty of only the lesser-included offense.

Rather, Appellant specifically argues, "These, among other inconsistencies and questions of credibility, gave rise to a situation where the jury may have disbelieved that anything occurred on two or more of the dates L.K, described...." (Appellant's

4

brief at 8). Appellant's assertion that a lesser-included offense instruction was warranted by the evidence is based wholly upon the premise that the jury might have found the victim credible as to some of the testimony and not credible as to other parts of the testimony.

Appellant cites no authorities allowing for the submission of a lesser-included offense based upon a jury's determination of credibility of a witness. On the contrary, the Court of Criminal Appeals has repeatedly and expressly held that when determining whether a lesser-included offense should be given, "[W]e may not consider '[t]he credibility of the evidence and whether it conflicts with other evidence or is controverted.'" *Goad v. State*, 354 S.W.3d 443, 447 (Tex. Crim. App. 2011), *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994), *Smith v. State*, 297 S.W.3d 260, 275 (Tex. Crim. App. 2009).

Appellant does not cite and the record does not contain any other evidence directly germane to a lesser-included offense. Accordingly, a lesser-included instruction was not warranted based on the evidence presented at trial for failure to satisfy the second prong of *Hall*. Since the lesser-included instruction was not warranted, Appellant's trial counsel was not ineffective in failing to request the instruction. *Ex parte Thompson*, 179 S.W.3d 549, 559-560 (Tex. Crim. App. 2005).

## C. The *Strickland* Standard on Direct Appeal

Traditionally, when confronted with an ineffective assistance of counsel claim from either stage of a trial, the Court will apply the two-pronged analysis set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App.1986) (adopting *Strickland* as applicable standard under Texas Constitution). Under the first prong of the *Strickland* test, Appellant in this case must satisfy his burden to show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. To be successful in this regard, Appellant "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Under the second prong, Appellant must further show that the deficient performance prejudiced his defense. *Id*. at 687, 104 S.Ct. 2052.

Thus, the appropriate standard for judging prejudice requires Appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. 2052. Appellant must prove both prongs of *Strickland* by a preponderance of the evidence in order to prevail. *McFarland v. State*, 845 S.W.2d

6

824, 842 (Tex. Crim. App.1992). Furthermore, claims of ineffective assistance must be firmly founded in the record. *Rios v. State*, 990 S.W.2d 382, 385 (Tex. App. - Amarillo 1999, *no pet*.). The failure of Appellant to make either of the required showings of deficient performance and sufficient prejudice defeats the claim of ineffective assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App.1999).

Importantly, performance of counsel cannot be adequately examined based on a trial court record. *Kemp v. State*, 892 S.W.2d 112, 115 (Tex.App. - Houston [1st Dist.] 1994, *pet. ref'd*). A proper review should focus on a record specifically targeting the conduct of trial counsel. *Id*. Such a record is best developed during a hearing on application for writ of habeas corpus or motion for new trial. *Id.; Jackson v. State*, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994) (Baird, J., concurring). To find that trial counsel was ineffective based on a record silent as to why trial counsel conducted the trial as he did, would call for speculation, which is generally not permitted. *Id*. Only in rare and egregious circumstances would a record on direct appeal suffice to rebut the presumption of sound trial strategy. *Kemp*, 892 S.W.2d at 115; *Ex parte Zepeda*, 819 S.W.2d 874, 877 (Tex.Crim.App. 1991) (counsel's failure to request instruction on law of accomplice witness testimony constitutes ineffective assistance of counsel according to *Strickland* standard); *Alaniz v. State*, 937 S.W.2d 593, 596 (Tex.App. - San Antonio 1996, *no pet*.) (record reflected counsel was

7

ineffective for allowing venire person who had been struck to sit on the jury).

**D.      Application of the *Strickland* Standard to the Facts of the Case**

Appellant alleges under a single point the ineffectiveness of his trial attorney for failing to request a lesser-included offense instruction. (Appellant's brief at 3). If the Court finds that a lesser-included offense instruction was warranted by the evidence admitted, the record is still insufficient to establish that Appellant's trial counsel was ineffective for failing to request the instruction where his thought processes behind that decision are not apparent on the record.

At the charge conference, Appellant's counsel did not request a lesser-included offense instruction. (RR 8: 129-132). Neither the trial court nor counsel for the State ever mentioned including or excluding a lesser-included offense instruction. *Id*. Given that the record is silent as to why Appellant's trial counsel did not request a lesser-included instruction, Appellant cannot meet his burden under *Strickland*. Any attempt by this Court to determine Appellant's trial counsel's strategy or lack-there-of would thus be pure speculation.

**E.      Conclusion**

Based upon the record of this case it cannot be said that Appellant's trial attorney was ineffective for the reasons alleged under Appellant's point of error. The evidence presented at trial did not warrant a lesser-included offense instruction.

8

Therefore, Appellant's trial counsel was not ineffective for failing to request that instruction.

Even if the evidence at trial did warrant the lesser included instruction, the record is insufficient to establish that the decision not to request the instruction was not based upon a sound trial strategy. Consequently, Appellant has not met his burden under *Strickland* and his point of error should be overruled.

## PRAYER

**WHEREFORE**, for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Point of Error and affirm the judgment of the 114th District Court, Smith County, Texas, in this case.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney


/s/ Jacob D. Putman
Asst. Criminal District Attorney
Bar I.D. No. 24065929
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the pertinent sections of the State's Reply Brief in the above numbered cause contain 1,725 words, an amount which complies with Texas Rule of Appellate Procedure 9.4 (i)(3).

/s/ Jacob D. Putman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of July, 2015, the following have been completed:

(1) The original copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of 12th Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent has been sent via electronic filing to:

Mr. Austin Reeve Jackson
Attorney at Law
112 East Line, Suite 310
Tyler, Tx 75702

/s/ Jacob D. Putman
Asst. Criminal District Attorney
Bar I.D. No. 24065929

10