Edward Anthony MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–93–565–CR.

Court of Appeals of Texas, Corpus Christi.

March 2, 1995.

Discretionary Review Refused June 14, 1995.

James M. Sims, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellant, Edward Anthony Morales, appeals from a conviction for capital murder. Before trial the State filed notice that it would not seek the death penalty, and appellant plead not 'guilty. After a jury trial appellant was found guilty, and punishment was automatically set at life imprisonment. In two related points of error, appellant argues that his conviction should be reversed. Appellant contends that two sets of photographs depicting the victims were improperly admitted at his trial. He claims that the photographs were used in violation of his due process rights, and his right to confrontation, and made his punishment cruel and unusual. Further, appellant argues that the photographs' probative value was outweighed by unfair prejudice, and should have been excluded. We affirm.

On September 12, 1992, appellant and Daniel Santiago were driving around in Houston, Texas. While driving, the two spotted Virginia Alamia and April Ferreya whom Santiago knew from his neighborhood. Appellant agreed to give the two women a ride home. Before taking them home, however, appellant went to pick up another friend, Jesus Lopez. Appellant took the girls home to change clothes, but they remained with the group. The five then drove to an EZ Pawn so that Lopez could retrieve a 9 mm semiautomatic pistol which he had pawned. The group again began to drive around and soon decided to go to Moody park. Upon arriving at the park, Santiago, Lopez, and Ferreya sat on the bleachers while appellant and Alamia went into some bushes. When appellant returned to the group, he realized that he was missing his pager. Although the pager was found on the floor of the car, appellant accused the two women of attempting to steal it. Appellant threw Alamia against the trunk of the car and held the gun to her neck, but Santiago pushed appellant's arm away. The five got back in the car. After several exchanges between appellant and the women, appellant, who was in the front seat of the car, turned around and shot Alamia in the face. Alamia immediately slumped in the seat. Appellant then fired another shot at Ferreya, but the bullet did not fatally wound her. The appellant then instructed Santiago to drive to a dirt road. Once the vehicle stopped, appellant compelled Ferreya to get Alamia and herself out of the car. Appellant also got out of the car, ran over to Ferreya and shot her for the second time in the head. Ferreya immediately fell to the ground. Appellant and the three men left the two bodies on the side of the dirt road. With this, the three men drove back to appellant's home. The bodies were soon discovered on the side of the road.

■ In his two points of error, appellant complains that the trial court improperly admitted two sets of photographs that depicted the dead bodies of the two victims. Appellant first argues that the photographs violated his due process rights under the Fifth and Fourteenth amendments of the U.S. Constitution and under Article 1, section 19 of the Texas Constitution.[1] Appellant's specific claim under due process is that because the photographs were shown, he was not "tried for the offense he was alleged to have committed." He claims that the photos were gruesome and carried no information to the jury necessary for any decision other than pity for the victims. We find the due process claim without merit. "So long as photographs accurately represent what they purport to depict and are logically relevant, their extreme gruesome and prejudicial character

---

1. The State argues that appellant waived his constitutional claims. After reviewing the record, however, we find that appellant filed a motion in limine against the use of photographs with these arguments. Further, when the State offered the photographs, appellant objected based on his previously heard motion and raised an argument as to their prejudicial impact. The trial court stated, "Each of these objections is overruled." Thus, the points were properly preserved, and we will review them. See Tex.R.App.P. 52(a).

cannot make their admission in evidence amount to a denial of due process." *Pait v. State*, 433 S.W.2d 702, 704 (Tex.Crim.App. 1968). In this case Dr. Vladimir Parungao, a Harris County medical examiner, testified that the photographs were a true and accurate depiction of the victims as he examined them. The doctor used the photos to explain the causes of death for each victim and to show other relevant markings on the bodies. Admission of the photographs did not violate appellant's right to due process.

■ Second, appellant argues that admission of the photographs denied him the right to confrontation with regard to the facts they depicted. Appellant cites this court only to the Sixth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section 10 of the Texas Constitution. Two witnesses testified as to the manner in which appellant killed the two victims, and a medical examiner corroborated that method. Appellant was afforded the opportunity to confront all of these witnesses. The photographs and facts that appellant complains of were merely used to substantiate and enhance that testimony. The facts depicted by the photographs corroborate the method and place of death of the two victims. Unfortunately, the victims could not be confronted in the courtroom as the defendant seems to have wanted. They are after all deceased. Yet, appellant had ample opportunity to confront all the witnesses in this case about the facts the pictures presented. Appellant had the opportunity to challenge both the manner of death and the location of the homicide. Appellant was free to use the photographs to point to inconsistencies or flaws in the State's case and testimony. Appellant was not denied his right to confrontation because of the photographs' admission.

■ Thirdly, appellant claims that use of the photographs led to a punishment that was cruel and unusual. Appellant argues that "to reach a conviction based on non-probative, prejudicial photographs in this type of case with a mandatory 35 year sentence is cruel and unusual punishment" under the Eighth Amendment of the U.S. Constitution and under Article 1, Section 13 of the Texas Constitution. We disagree. The photographs were probative of relevant issues. They provided the jury with information not only concerning the manner of death and the identity of the killer, but also the location of bodies. Further almost all evidence presented by the State is prejudicial to the defense, but that does not itself make it inadmissible. *See Fletcher v. State*, 852 S.W.2d 271 (Tex.App.—Dallas 1993, pet. ref'd). The prejudice must be unfair. TEX. R.CRIM.EVID. 403. Punishment assessed by judge or jury within the limits prescribed by statute is not cruel and unusual within the constitutional prohibition. *Harris v. State*, 656 S.W.2d 481, 486 (Tex.Crim.App.1983). In this case, appellant was sentenced to life imprisonment after being found guilty of capital murder. His sentence was neither cruel nor unusual within the constitutional prohibition. TEX.PENAL CODE ANN. § 12.31(a) (Vernon Supp.1994). Appellant's constitutional claims with regard to admission of the victims' photographs is overruled.

■ Finally, appellant argues that the pictures should have been excluded because they were cumulative, not relevant, and their probative value outweighed their unfair prejudice. TEX.R.CRIM.EVID. 401–404(b). Foremost, we find that the photographs were relevant and not cumulative. The identity of the victim, the manner and means of death, and the location of the offense are facts that are of consequence to the determination of the action. *See Long v. State*, 823 S.W.2d 259, 271–272, n. 18 (Tex.Crim.App.1991); TEX.R.CRIM.EVID. 401. The State offered the photographs to assist the jury in each of those determinations. The State utilized the expert testimony of a medical examiner to explain the marks on the bodies, and the testimony of other witnesses to identify the victims. The photographs were relevant and not unduly cumulative.

■ We will now address whether the photographs were unfairly prejudicial. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Green v. State*, 840 S.W.2d 394, 410 (Tex.Crim.App.1992). A court may consider several factors in determining whether the

probative value of evidence is substantially outweighed by the danger of unfair prejudice. These factors include, but are not limited to, the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color, whether they are close-up, and whether the body depicted is naked or clothed. *Id.; Long*, 823 S.W.2d at 270.

In point of error number one, appellant argues that photographs of victim Alamia should have been excluded. The eight pictures in question are in color and are pre-autopsy depictions. Alamia's body is not clothed and she has been placed upon a clean metal gurney. The photos are three and one-half by four inches in size. Each photo clearly shows a different portion of the body and its markings. They are not overly gruesome in that they are not blown-up nor do they present any great detail. In examining the record, the medical examiner used these photographs to explain to the jury the manner and cause of death, and to explain the other red markings on the body. The pictures showed that Alamia's body had been plagued by numerous ant bites. This evidence substantiated the State's claim of where the offense occurred and where appellant left the bodies. *See Caraway v. State*, 550 S.W.2d 699, 703 (Tex.Crim.App.1977) (photographs of victim's body admissible to aid in description of where offense committed). Further, the body was cleaned and had no extraneous blood or foreign material attached. The photos present a sterile and clean environment in the examiner's room. Depictions from the crime scene itself are not shown. The photos simply show the entry and exit bullet wounds, and the other bruises produced by the killer and the ant bites. These circumstances support the trial court's finding that the prejudicial effect of the photos, if any, did not substantially outweigh their probative value. Point of error one is overruled.

In point of error two, appellant argues that photographs of victim Ferreya should have been excluded. The seven photos of Ferreya are identical to those of Alamia. The only noticeable difference is that Ferreya's body is not depicted from the waist down. They are not overly gruesome in that they are not blown-up nor do they present any particularly great detail. Two photos do, however, depict a detailed picture of Ferreya's head and face. These exhibits were used to more exactly show the wounds she sustained and her manner of death. The wounds were cleaned and sterile. Again, the State offered the pictures to explain to the jury the manner and cause of death, and to explain the other red markings on the body. Again, the body was cleaned and had no extraneous blood or foreign material attached. The photos simply show the entry and exit bullet wounds, and the other bruises produced by the killer and the ant bites. These circumstances support the trial court's finding that the prejudicial effect of the photos, if any, did not substantially outweigh their probative value. Point of error two is overruled.

Accordingly, we AFFIRM the trial court judgment.