Anthony Johnson v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-055-CR

     ANTHONY JOHNSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 194th District Court
Dallas County, Texas
Trial Court # F96-00548-KM 
                                                                                                                 

O P I N I O N
                                                                                                                 

      Appellant Johnson appeals from his conviction for burglary of a habitation with intent to
commit aggravated assault, for which he was sentenced to 50 years in the Texas Department of
Criminal Justice-Institutional Division and a $1,000 fine.
      Appellant was tried in two cases at the same time. In case number F93-63611 Appellant was
on deferred adjudication probation for burglary of a habitation. The State filed a motion to revoke
probation and to adjudicate. Appellant pled “true” to the allegations in the motion to revoke. The
trial court revoked Appellant’s probation, adjudicated Appellant’s guilt, and sentenced him to 20
years in prison. Appellant has not appealed this conviction.
      In case number F96-00548, this case, Appellant pled guilty on an open plea. The court heard
evidence and thereafter sentenced Appellant to 50 years in prison and a $1,000 fine.
      At two o’clock in the morning of November 8, 1995, Appellant climbed to the balcony of Ms.
Amber Pickering’s second-floor apartment. Ms. Pickering, Appellant’s estranged girlfriend of 5
years and mother of his three young children, had informed Appellant two days earlier she was
seeing another man, a Charles Sing. Appellant broke the sliding glass door to find Sing and
Pickering together in the bedroom. Appellant then used a knife to cut Ms. Pickering’s throat and
then stabbed her in the abdomen. He then stabbed himself in the neck and chest. Ms. Pickering
was hospitalized three days, received eight stitches on her stomach and 18 stitches on her neck. 
Appellant was not seriously injured.
      Appellant appeals his conviction on 3 points of error.
      Point 1: “The trial court erred by accepting Appellant’s guilty plea because the evidence raised
an issue regarding his mental competency.”
      Specifically, Appellant contends the trial court should have sua sponte conducted a competency
hearing.
      Article 26.13(b), Texas Code of Criminal Procedure, provides that “no plea of guilty . . . shall
be accepted by the court unless it appears that the defendant is mentally competent . . . .”
      Article 46.02, Texas Code of Criminal Procedure, provides:
      Section 1(a). A person is incompetent to stand trial if he does not have:
            (1) Sufficient present ability to consult with his lawyer with a reasonable degree
of rational understanding; or
 
            (2) A rational as well as factual understanding of the proceedings against him.
 
            Section 2(b). If during the trial evidence of defendant’s incompetency is brought
to the attention of the court from any source, the court must conduct a hearing
out of the presence of the jury to determine whether or not there is evidence to
support a finding of incompetency to stand trial.
 
      A trial court is only required to hold a separate competency hearing where there has been
evidence that could rationally lead to a conclusion of incompetency. Arnold v. State, 873 S.W.2d
27, 36 (Tex. Crim. App. 1993). Arnold, supra, holds that the question to be resolved is “was there
any evidence that raised the issue of Appellant’s competency?” If the evidence in the trial court,
from any source, raised such an issue then the separate jury determination is required. Tex. Code
Crim. Proc. Art. 46.02, § 2(b).
      The test for competency to stand trial is whether the accused has sufficient present ability to
consult with his lawyer with a reasonable degree of rationality as well as a factual understanding
of the proceedings against him. However, a judicial determination that a person is mentally ill does
not constitute a determination of a person’s mental incompetency. Leyva v. State, 553 S.W.2d 158
(Tex. Crim. App. 1977); Tex. Code Crim. Proc. art. 42.02, § 1(a).
      Whether an issue of incompetency exists at the time of trial is left to the discretion of the trial
judge. Therefore, in determining whether the trial court erred in not conducting a competency
hearing, we must apply an abuse of discretion standard. Ainsworth v. State, 493 S.W.2d 517, 521
(Tex. Crim. App. 1973); Thompson v. State, 915 S.W.2d 897, 901 (Tex. App.—Houston [1st Dist.]
1996, pet. ref’d).
      At no time prior to trial did Appellant or his counsel point out to the court the evidence now
relied on to raise the issue of incompetency. Nor was any request made for a separate proceeding
to determine the issue. Instead, Appellant claims on appeal for the first time that the court should
have sua sponte halted the proceeding and conducted a competency hearing.
      The record reflects that the trial judge asked Appellant, “Are you mentally competent and able
to effectively assist your attorney in the case and able to have a rational as well as a factual
understanding of the charge and proceedings against you?”, to which Appellant answered, “Yes
sir.” The court then asked Appellant’s attorney, “And there is no question in your mind about that,
is there counsel?”, to which Appellant’s attorney responded, “There is some question about Mr.
Johnson’s mental state but in terms of him understanding what’s going on and him understanding
the nature of the charges against him and what we’ve done, I believe he’s competent to understand
all that.” The court then asked counsel, “You’re satisfied he’s competent?”, to which counsel
replied, “Yes, your honor.”
      There was evidence that Appellant had depression and problems with his thinking for several
years; that he had been abused by his stepfather, and became depressed as a result. Dr. Mitchell,
a psychologist, testified Appellant suffered from schizophrenia for four or five years which had a
big impact on his behavior; that the schizophrenia was getting worse; that Appellant is a danger to
himself and others and she recommended Appellant receive very thorough psychiatric care. She
further testified that, in her opinion, he was competent to stand trial; understood the charges against
him; and was able to work with his attorney in forming a defense. There is evidence Appellant
attempted to kill himself twice before cutting himself on the night he slashed Ms. Pickering with
his knife.
      A no time during trial did Appellant suggest that he was incompetent and could not consult
with his lawyer with a reasonable degree of rationality, or that he did not have a factual
understanding of the proceedings against him. His testimony was intelligent and straight forward
and he gave thoughtful responses to the questions of his attorney and the prosecutor. He explained
that his prior attempts on his life were because of his difficulties with Ms. Pickering.
      The trial court may rely upon personal observations, known facts, evidence presented,
motions, affidavits or any reasonable claim or credible source creating a bona fide doubt of
Appellant’s competency to stand trial. Appellant’s attorney did not complain of any inability to
communicate with Appellant and there is no indication in the record that Appellant’s appearance
or demeanor during trial was out of the ordinary.
      Assuming, without deciding, that Appellant has preserved his point of error, there is no
evidence that the trial judge abused his discretion in failing to impanel a jury to determine
Appellant’s competency to stand trial.
      Point 1 is overruled.
      Point 2: “The evidence is factually insufficient to support the trial court’s assessment of 50
years in the Texas Department of Corrections.”
      Specifically, Appellant asserts that the factual sufficiency standard of review of Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996), is applicable to the sentenced assessed.
      Factual sufficiency review, or the holding of Clewis, does not apply to the assessment of the
punishment verdict. Flores v. State, 936 S.W.2d 478, 479 (Tex. App.—Eastland 1996, no pet.);
Eldridge v. State, 940 S.W.2d 649, 652 (Tex. Crim. App. 1996).
      Point 2 is overruled.
      Point 3: “The trial court assessed a sentence inconsistent with the constitutional prohibition
against cruel and unusual punishment.”
      The range of punishment in Appellant’s case was not less than 5 years or more than 99 years,
or life, and a fine not to exceed $10,000.
      Appellant’s punishment of 50 years and a $1,000 fine was well within the range of punishment
authorized by statute.
      Punishment assessed by a judge or jury within the limits prescribed by statute is not cruel and
unusual within the constitutional prohibition. Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim.
App. 1983); Morales v. State, 897 S.W.2d 424, 427 (Tex. App.—Corpus Christi 1995, pet. ref’d).
      Point 3 is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed November 5, 1997
Do not publish