NUMBER 13-03-349-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ANTONIO BUENANO, III,                                                   Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 36th District Court
of Aransas County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez

            Appellant, Antonio Buenano, III, appeals from his conviction for possession of
a controlled substance, penalty group 1, heroin. See Tex. Health & Safety Code Ann.
§ 481.115(b) (Vernon 2003). Punishment was assessed at two years confinement
in the State Jail Division of the Texas Department of Criminal Justice and a $2,000.00
fine. 
         In his sole issue, appellant contends that the sentence imposed constitutes cruel
and unusual punishment in violation of the Eighth Amendment to the United States
Constitution. See U.S. Const. amend. VIII. Appellant asserts that the two year
sentence is cruel and unusual because he suffers from a potentially fatal heart
condition and is in need of surgery to prolong his life. He claims that being confined
to the state jail will prevent him from receiving the medical attention he needs and will
result in his death, thus making the two year sentence grossly disproportionate to the
offense. We affirm. 
         To preserve a complaint of cruel and unusual punishment for appellate review,
appellant must present to the court a timely request, objection, or motion stating the
specific grounds for the ruling desired. See Tex. R. App. P. 33.1 (a)(1)(A); Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). The constitutional right to be
free from cruel and unusual punishment may be waived by failure to object. See
Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.– Corpus Christi 1989, pet. ref’d). 
The record reflects that appellant did not object to the sentence as violating his
constitutional right at the time it was announced, nor did he raise this argument in a
post-trial motion. By failing to object in the trial court appellant has waived his
complaint. 
         Even assuming appellant had properly preserved this issue and presented
constitutional grounds for appellate review, we find no reversible error. We review a
sentence imposed by the trial court for abuse of discretion. Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984). The general rule is that punishment falling
within the applicable range prescribed by the legislature is not excessive, cruel or
unusual, and will not be disturbed on appeal. Id.; Morales v. State, 897 S.W.2d 424,
427 (Tex. App.–Corpus Christi 1995, pet. ref’d). The punishment range for
possession of heroin, less than one gram, is confinement for 180 days to two years
and an optional fine not to exceed $10,000. See Tex. Health & Safety Code Ann. §
481.115(b) (Vernon 2003); Tex. Pen. Code Ann. § 12.35 (Vernon 2003). Appellant’s
two year sentence and $2,000 fine is within the statutory range, and therefore the
trial court did not abuse its discretion in imposing the sentence.
         Moreover, no constitutional violation has occurred as the harm appellant seeks
to remedy is purely speculative. See State v. Mungia, 119 S.W.3d 814, 817 (Tex.
Crim. App. 2003) (finding no constitutional violation had occurred where there was
only the possibility that appellee may be killed if sent to prison). Appellant anticipates
not receiving proper medical attention or treatment for his heart condition while in
prison, which will result in his death. However, there is no evidence, other than
appellant’s testimony, that this will occur. Therefore, appellant has failed to
demonstrate any constitutional violation. 
         Accordingly, appellant’s sole issue on appeal is overruled and we affirm the
judgment of the trial court.
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 6th day of May, 2004.