NUMBER 13-02-503-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
MOSES GALINDO,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 24th District Court of DeWitt County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          By three issues, appellant, Moses Galindo, challenges the trial court’s revocation
of his deferred adjudication community supervision and the adjudication of his guilt. We
affirm. 
          The trial court has certified that Galindo has a right of appeal. See Tex. R. App. P.
25.2(a)(2). As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the court’s decision
and the basic reasons for it. See Tex. R. App. P. 47.4.
          Pursuant to a plea bargain agreement, appellant pled guilty to aggravated assault
with a deadly weapon.


 On March 16, 2001, the trial court deferred adjudication, placed
appellant on deferred adjudication community supervision for ten years, and imposed a
fine of $1,000. In June of 2002, the trial court found appellant had violated three conditions
of his community supervision, adjudicated his guilt, and sentenced him to fifteen years
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
          By his first issue, appellant contends the trial court erred in adjudicating his guilt
because the State’s allegations that he violated the terms of his community supervision 
contain “procedural or evidentiary defects.” 
          Article 42.12, section 5(b) of the code of criminal procedure provides that no appeal
may be taken from a trial court’s determination to proceed with adjudication of guilt. Tex. 
Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004); see Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992). We have no power to review any challenge to the sufficiency of the
notice contained in the terms and conditions of the community supervision imposed by the
trial court, adequacy of the State’s motion to revoke, or sufficiency of the evidence to
support the trial court’s adjudication decision.


 See Connolly, 983 S.W.2d at 741. 
Accordingly, appellant is statutorily barred from challenging the trial court’s determination
to proceed with adjudication of his guilt. See Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b)
(Vernon Supp. 2004). Thus, we cannot consider appellant’s first issue, and it is overruled.
          In his second issue, appellant contends the trial court erred in failing to provide him
a separate punishment hearing following adjudication of guilt. While no appeal may be
taken from a trial court’s determination to adjudicate guilt, see id., one may be had to
challenge assessment of punishment and assessment of sentence. See id.; Olowosuko,
828 S.W.2d at 942. While a defendant appealing from deferred adjudication may raise an
issue unrelated to his conviction, such as a complaint concerning the punishment imposed,
an objection is required to preserve error. Vidaurri v.State, 49 S.W.3d 880, 886 (Tex. Crim.
App. 2001). An appellant can preserve the trial court’s failure to provide an opportunity to
present evidence regarding punishment by raising the issue in a motion for new trial. See
id.
          Here, the trial court provided appellant an opportunity to present evidence by asking
his counsel whether there was any reason why the court should not proceed with
sentencing; counsel said there was not. Appellant thus did not object to the absence of
a separate punishment hearing and did not raise the issue in a motion for new trial. 
Accordingly, appellant failed to preserve the issue for review. See Tex. R. App. P. 33.1;
Vidaurri, 49 S.W.3d at 886; see also Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim.
App. 1999) (where appellant was provided opportunity to present evidence, trial court did
not err in failing to provide separate punishment hearing). We overrule appellant’s second
issue.
          In his third issue, appellant contends the fifteen-year punishment imposed by the
trial court is excessive. It is well-established that a sentence that falls within the range of
punishment prescribed by the legislature is not excessive, cruel, or unusual. Samuel v.
State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Morales v. State, 897 S.W.2d 424,
427 (Tex. App.–Corpus Christi 1995, pet. ref’d). Here, appellant was sentenced to fifteen
years imprisonment, which is within the prescribed range for the offense.


 We overrule
appellant’s third issue.
          The judgment of the trial court is AFFIRMED. 
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice





Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
12th day of August, 2004.