NUMBER 13-04-219-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

ROBERT E. ALEMAN,                                                                     Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 36th District
Court of Aransas County, Texas.

 

MEMORANDUM OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 








In a single issue, appellant, Robert Aleman,
challenges the trial court=s revocation of his community supervision,
contending that the punishment assessed by the trial court is disproportionate
to the seriousness of the alleged offense in violation of the Eighth[1]
and Fourteenth[2]
Amendments of the United States Constitution. 
We affirm.

Appellant was charged with the felony of robbery[3]
on March 21, 2000.  After appellant
pleaded guilty, the trial court sentenced him to ten years= imprisonment, suspended the sentence, and placed
him on community supervision for ten years. 
On March 8, 2004, the State filed a motion to revoke appellant=s community supervision based on numerous alleged
violations including, but not limited to, failure to submit to random
urinalysis testing and failure to attend Alcoholics Anonymous and Narcotics
Anonymous meetings.  On April 22, 2004,
during a hearing on the State=s motion to revoke, appellant pleaded Atrue@ to the State=s alleged violations, except for an allegation of
burglary, which the State abandoned. 
After hearing evidence, the trial court found appellant had violated the
terms of his community supervision, revoked his community supervision, imposed
his punishment at the original sentence of ten years= imprisonment in the Institutional Division of the
TDCJ, and ordered that he pay restitution in the amount of $193.95.

The record contains the trial court=s certification that this is not a plea-bargain case
and the defendant has the right of appeal.[4]

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[5]

Standard of Review








A trial court is vested with discretion to revoke an
individual's community supervision.[6]  Appellate review of an order revoking
probation is limited to whether the trial court abused its discretion in
revoking probation.[7]

Analysis

 Robbery is a
second-degree felony and is punishable by imprisonment in the Institutional
Division of the TDCJ for any term of not more than twenty years or less than
two years.[8]   In revocation hearings, the trial court may
proceed to dispose of the case as if there had been no community supervision,
and no part of the time defendanat was on community supervision is to be
considered as any part of the time that he shall be sentenced to serve.[9]
According to the Eighth Amendment, AExcessive bail shall not be required, nor excessive
fines imposed, nor cruel and unusual punishments inflicted.@[10] 
Additionally, the Fourteenth Amendment states:

All persons born or naturalized in the United
States, and subject to the jurisdiction thereof, are citizens of the United
States and of the State wherein they reside. 
No State shall make or enforce any law which shall abridge the
privileges or immunities of citizens of the United States; nor shall any State
deprive any person of life, liberty, or property, without due process of law;
nor deny to any person within its jurisdiction the equal protection of the
laws.[11]

 








Punishment falling within the applicable range
authorized by the legislature is not excessive, cruel, or unusual.[12]  Because appellant=s punishment fell within the range of punishment
authorized by statute, we conclude that the trial court did not err in assessing
appellant=s punishment at ten years= imprisonment and that his punishment is not
disproportionate under the Eighth and Fourteenth Amendments.[13]  Appellant=s sole
issue on appeal is overruled.  

We affirm the judgment of the trial court.

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 21st day of July, 2005.











[1] 
U.S. Const. amend VIII.





[2] 
U.S. Const. amend XIV ' 1.





[3] 
See Tex. Pen. Code Ann.
' 29.02 (Vernon 2003).





[4] 
See Tex. R. App. P. 25.2(a)(2).





[5] 
See Tex. R. App. P. 47.4.





[6] 
See Herrera v. State, 951 S.W.2d 197, 199 (Tex. App.BCorpus Christi 1997, no pet.).   





[7] 
See Guzman v. State, 923 S.W.2d 792, 795 (Tex. App.BCorpus Christi 1996, no pet.).





[8] 
See Tex. Pen. Code Ann.
' 12.33(a) (Vernon 2003).





[9] 
See Tex. Code Crim. Proc.
Ann. art. 42.12 ' 23(a) (Vernon Supp 2004-05).





[10] 
U.S. Const. amend VIII.





[11] 
U.S. Const. amend XIV ' 1.





[12] 
See Morales v. State, 897 S.W.2d 424, 427 (Tex. App.BCorpus Christi 1995, pet. ref=d). 





[13] 
See Tex. Pen. Code Ann.
' 12.33(a) (Vernon 2003); Tex. Code Crim. Proc. Ann. art. 42.12, ' 23(a) (Vernon Supp. 2004-05);
Sullivan v. State, 975 S.W.2d 755, 756 (Tex. App.BCorpus Christi 1998, no pet.).