NUMBER
13-04-104-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

ALBERT LEE LEAL,
JR,                                                                   Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                      On appeal from the 28th
District Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 








Appellant, Albert Leal, Jr., pled guilty to the
offense of second-degree felony robbery. 
See Tex. Pen. Code Ann.
' 29.02 (Vernon 2003).  A jury assessed appellant=s punishment at eleven years= imprisonment and a fine of $1000.  We affirm the judgment of the trial
court.  

Anders Brief

Appellant=s counsel filed an Anders brief with this
Court in which he concluded, after careful investigation, the appeal is
frivolous and without merit.  See
Anders v. California, 386 U.S. 738, 744 (1967).  The brief presents a professional evaluation
showing why there is no basis to advance an appeal.  See Stafford v. State, 813 S.W.2d 503,
509‑10, 510 n.3 (Tex. Crim. App. 1991). 
We conclude counsel's brief meets the requirements of Anders. See
Anders, 386 U.S. at 744‑45; High v. State, 573 S.W.2d 807, 813
(Tex. Crim. App. 1978).  Counsel also
informed appellant that he had the right to file a pro se appellate brief and
to review the record.  See McMahon v.
State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975); Johnson v. State,
885 S.W.2d 641, 646 (Tex. App.BWaco 1994, pet. ref'd) (per curiam).  Over twelve months have passed since
appellant was informed of his rights and given a copy of the record, and no pro
se brief has been filed. 








In the Anders brief, counsel raised the
following potential ground for appeal: the jury=s
punishment verdict was illegal, contrary to law, or amounted to cruel and
unusual punishment for a youthful offender with no prior felony record.  To preserve a complaint of cruel and unusual
punishment for appellate review, appellant must present to the court a timely
request, objection, or motion stating the specific grounds for the ruling
desired.  See Tex. R. App. P.
33.1; Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996).  The constitutional right to be free from
cruel and unusual punishment may be waived by failure to object.  See Quintana v. State, 777 S.W.2d 474,
479 (Tex. App.BCorpus Christi 1989, pet. ref'd).  The record reflects that appellant did not
object to the sentence as violating his constitutional rights at the time it
was announced, nor did he raise this argument in a post‑trial
motion.  By failing to object in the
trial court, appellant waived his complaint.

Even assuming appellant had properly preserved this
issue and presented constitutional grounds for appellate review, we find no
error in the imposition of this sentence. 
We review a sentence imposed by the trial court for abuse of discretion.
Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The general
rule is that punishment falling within the applicable range prescribed by the
legislature is not excessive, cruel or unusual, and will not be disturbed on
appeal.  Id.; Morales v. State,
897 S.W.2d 424, 427 (Tex. App.BCorpus Christi 1995, pet. ref'd).  The punishment range for robbery is
confinement for two to twenty years and an optional fine not to exceed
$10,000.  See Tex. Pen. Code Ann. ' 12.33 (Vernon 2003).  Appellant's sentence and fine are within the
statutory range and do not appear to be an extreme instance in which a sentence
within the permissible range is nonetheless grossly disproportionate to the
crime committed.  See Lockyer v.
Andrade, 538 U.S. 63, 72-73 (2003); Ewing v. California, 538 U.S.
11, 30-31 (2003).  We conclude,
therefore, that the trial court did not abuse its discretion in imposing the
sentence.

Independent Review








Upon receiving an Anders brief, we must
conduct a full examination of all the proceedings to determine whether the case
is wholly frivolous.  Penson v. Ohio,
488 U.S. 75, 80 (1988).  The record shows
that appellant voluntarily pled guilty to the offense alleged in the indictment
and waived his right to a jury trial. The judge properly administered all
required admonishments.  See Tex. Code Crim. Proc. Ann. art 26.13
(Vernon Supp. 2004-05).  Appellant did
not object to the sentence on any basis, and therefore waived his ability to
challenge on appeal any error in the punishment phase.  See Tex.
R. App. P. 33.1; Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim.
App. 2002). There is no evidence in the record of ineffective assistance of
counsel, see Strickland v. Washington, 466 U.S. 668, 684 (1984), nor any
other cognizable error.

We have reviewed the remainder of the entire record
and find that the appeal is wholly frivolous. 
See Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgment of the trial court.

Motion to Withdraw

Counsel has requested to withdraw from further
representation of appellant on this appeal. 
An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief.  Moore
v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford,
813 S.W.2d at 511.  We grant counsel's
motion to withdraw and order him to notify appellant of the disposition of his
appeal and the availability of discretionary review.  See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (per curiam).

Conclusion

The judgment of the trial court is affirmed.                                                   

    

 

 

 

                                          

Rogelio Valdez,

Chief Justice

 

 Do not
publish.

Tex. R. App. P. 47.2(b).

 

 

Memorandum Opinion delivered and filed

this 4th day of August, 2005.