**Heriberto DELRIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–00663–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 21, 1991.

Rehearing Denied Dec. 5, 1991.

Discretionary Review Granted
Feb. 26, 1992.

James M. Leitner, Houston, for appellant.

Carmen Falls Hunter, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant Heriberto Delrio was convicted by jury of possession with intent to deliver a controlled substance. Punishment was assessed by the jury at life imprisonment enhanced by two previous felony convictions and a fine of five hundred thousand dollars ($500,000.00). In five points of error, appellant contends he was denied effective assistance of counsel because trial counsel allowed a biased venireman to serve on the jury, failed to preserve error when the court ruled a defense witness had a Fifth Amendment right not to testify, and by the totality of representation appellant received at the trial. Appellant asserts the trial court also erred by not excusing this prejudiced venireman from the jury panel and ruling a defense witness could invoke the Fifth Amendment to refrain from testifying. We reverse and remand.

We will address appellant's second and dispositive point of error only, in which he claims trial counsel denied him effective assistance of counsel by failing to challenge for cause an admittedly biased venireman's right to serve on the jury. The question for review is whether this complaint of ineffective assistance of counsel during voir dire was so serious that appellant was effectively deprived of a fair trial. For the reasons hereinafter discussed, we find he was.

To clear up any possible confusion, it is necessary to point out that two different veniremen were addressed as Mr. Martinez during the voir dire. Enrique Martinez, juror number eighteen, who was challenged and excused for cause and Johnny Martinez, juror number twenty-two, an ex-narcotics officer who was not challenged for cause and is the subject of this appeal.

In his initial voir dire exchange, Johnny Martinez testified as follows:

STATE: How do you know the defendant?

J. MARTINEZ: I have a place of business that he frequents.

STATE: What is your place of business?

J. MARTINEZ: I own a car wash and laundromat.

Later, the state asked the following question of the jury panel:

STATE: How about anybody else on the second row, do you think it's unfair for police officers to work undercover and make cases, maybe they should be required to wear their uniforms and identify themselves as police officers?

Johnny Martinez responded as follows:

J. MARTINEZ: May we approach the bench?

STATE: Let's do it at the end, okay?

After the State and defense counsel finished questioning individual members of the jury panel, several potential jurors were asked to approach the bench. This subsequent communication at the bench transpired:

COURT: Mr. Martinez, you indicated earlier that you knew the defendant and you might have a problem.

J. MARTINEZ: Yes, sir, I wanted to make the statement to the Court that I'm an ex-narcotics officer for the City of Houston and that I didn't want to say that in front of the jury to throw a monkey wrench in the voir dire.

COURT: You feel like you know this defendant by virtue of that employment?

J. MARTINEZ: Yes, sir.

COURT: Therefore, you feel you probably would not be able to be a fair and impartial juror?

J. MARTINEZ: Exactly.

COURT: Do you have a challenge?

DEFENSE COUNSEL: All that we are asking you at this point is whether or not under the proper set of circumstances you can be a fair and impartial juror and put aside your feelings, whatever they are, based on prior experiences and listen strictly to the facts of the case and render a verdict according to the law.

J. MARTINEZ: I couldn't be impartial, I'm saying.

COURT: There is no challenge? Have a seat. Who else on the first row?

After the conclusion of the voir dire proceedings, neither trial counsel nor the State challenged Johnny Martinez for cause or removed him by peremptory challenge. As a result, Johnny Martinez was seated as the fifth juror in the trial.

In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. TEX. CONST. art. I, § 10; *Shaver v. State,* 162 Tex.Crim. 15, 280 S.W.2d 740, 742 (1955). The voir dire process is designed to insure to the fullest extent possible, that an intelligent, alert, disinterested and impartial jury will perform the duty assigned to it. *Salazar v. State,* 562 S.W.2d 480, 482 (Tex.Crim.App.1978). Therefore, we must vigorously protect the accused's rights to a fair trial by a jury untainted by bias or prejudice. *Petteway v. State,* 758 S.W.2d 861, 865 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

▮ A juror who has expressed bias or prejudice against an accused should be excused as a matter of law. *Williams v. State,* 565 S.W.2d 63, 65 (Tex.Crim.App. 1978). In that case, the court concluded that bias exists if a juror admits resentment toward a defendant because of some prior contact with the defendant. *Id.* at 65.

As further proof of trial counsel's incompetent assistance of counsel in not excusing Johnny Martinez from the jury panel, appellant emphasizes trial counsel's opening remarks to the jury during argument on the guilt/innocence phase of the trial:

DEFENSE COUNSEL: If I may. This is the only other chance I get to talk to you until after whatever verdict you reach is reached. The only thing I want to concentrate on at this point primarily is the fact that I have gone over very carefully with each and every person who is on this panel today and asked them if they could be a fair and impartial juror, and everybody told me that they could. Not one of you told me that you couldn't do that.

In conclusion, trial counsel made the following remarks:

DEFENSE COUNSEL: I thank you very much for being here. I trust and pray that all of you will hold to what you told me and be the fair and impartial jurors that you told me and the judge and Mr. Serres that you would be. I thank you very, very much for being here. And I close.

▮ The two-prong test to determine effective assistance of counsel was set out by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To reverse a conviction for ineffective assistance of counsel, a convicted defendant must show: 1) counsel's performance was defi-

cient; and 2) that the deficient performance prejudiced the defense. This requires showing that counsel made errors so serious that counsel was not functioning as the Sixth Amendment guarantees the appellant and appellant was deprived of a fair trial. *Id.* at 687. This criteria for ascertaining ineffectiveness of counsel was later adopted as the standard to be applied pursuant to the Texas Constitution article I section 10 in *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986); *See also* TEX. CONST. art. I, § 10.

■ The State urges this court to consider trial counsel's possible strategies in letting Johnny Martinez remain on the jury panel. Citing *Riddick v. State,* 624 S.W.2d 709, 711 (Tex.App.—Houston [14th Dist.] 1981, no pet.), the State stresses that appellate courts are "not in a position to second guess through appellate hindsight, the strategy adopted by counsel at trial." The judgment of sufficiency of counsel must be made on the totality of representation based on the particular circumstances of each individual case. *Id.* at 711.

In the recent case of *Ex parte Felton,* 815 S.W.2d 733, 736 (Tex.Crim.App.1991), the court notes that while appeals courts normally look to the "totality of the representation" and "the particular circumstances of each case" to determine ineffectiveness of counsel, they have also observed that a trial attorney's single error of omission can constitute ineffective assistance under some circumstances. Although this case was discussing the standard for evaluating ineffective assistance error in the punishment phase, we conclude a single error in the voir dire stage of a trial may also be of such significance to require reversal if it, as here, results in an admittedly biased juror remaining unchallenged by counsel without any realistic relationship to trial strategy.

The State claims that trial counsel successfully challenged for cause six other biased jurors. However, this argument is not persuasive and does not justify counsel's failure to challenge for cause a potential juror who twice, frankly and without any reservations, admits that he could not

be an impartial juror. We can conceive of no reasonable defense strategy that would justify allowing such an individual to sit on a jury to determine the legal fate of one's client in a criminal trial. Permitting such an occurrence undermines in advance the perceived essence of a jury's purpose to render a fair and impartial verdict. Indeed, if the presumptive purpose of all "official" participants in the process is to secure a fair trial, it would have been prudent, although not legally mandated, for the trial judge, or even the prosecutor, to have sought the removal of this individual from participation in this case.

We find that trial counsel's single error of permitting a biased juror, who unequivocally declared he could not be fair and impartial, to serve on the jury was of such critical detriment to the appellant's defense and his right to a fair trial that he was denied effective representation. Accordingly, we reverse the judgment of the trial court and remand the cause to the trial court.

Since our decision on appellant's second point of error is dispositive of the appeal, we need not address appellant's remaining points of error.