Opinion filed June 7, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed June 7, 2007

 

 

 

 

                                                                        In The

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00198-CR 

                                                    __________

                               ZACHARY
HUDDLESTON,  Appellant

                                                            vs.

                                      STATE
OF TEXAS, Appellee



                                         On
Appeal from the 161st District Court

 Ector
 County, Texas

Trial Court
Cause No. B-31,380



 

                                                                   O
P I N I O N 

A jury convicted appellant, a juvenile who had
been certified for trial as an adult, of the offense of capital murder and set
his punishment at confinement for life. 
We affirm.








After drinking and smoking marihuana, appellant
along with Edward Vega and Amanda Manes (both juveniles) and Michael James
Freeman (an adult) were asked to give Joseph Sizemore a ride to his home.[1]  Vega agreed to give Sizemore a ride, and
appellant, Manes, and Freeman went with them. 
They made two stops on the way to Sizemore=s
house.  At each stop, Sizemore got out of
the vehicle.  One stop was to purchase drugs,
and the other was to purchase alcohol. 
When Sizemore got out of the vehicle each time, appellant, Vega, and
Freeman talked about jumping Sizemore and robbing him.  Freeman=s
statement shows that they later did just that. 


Vega stopped the vehicle a short distance from
Sizemore=s house
and told him to walk home from there.  As
Sizemore was leaving, appellant got a bat from the trunk and told the others
that he was going to Aget@ Sizemore with it.  Freeman had his back to them, but he heard
the bat hit Sizemore.   He saw Sizemore
lying on the ground, and Ahe
was bleeding all over the place.@   Manes did not get out of the vehicle; but,
from inside the vehicle, she yelled at them to Astop
it, stop it.@

Fearing that someone might have seen them, they
drove away.  They rented a hotel room and
resumed their drinking.  Sizemore later
died.

A part of appellant=s
trial strategy was to show that Manes was an accomplice witness and that, as an
accomplice witness, corroboration of her testimony would be required.  Appellant points out that Manes had testified
that she had seen appellant hit Sizemore with the bat and that she was the only
one who was at the scene of the crime who was not charged with any offense in
connection with the killing.  The State
had made appellant aware of a letter the State had received from Larry Lynn
Cockerham.  Cockerham claimed that he had
a conversation in the Ector County Jail with Freeman and that Freeman had said
that he was angry with Sizemore because Sizemore had shown an interest in Manes
who was appellant=s
girlfriend.  Cockerham said that Freeman
had told him that he could not take that and that he was going to Af--k him up and take his money.@ 
In his brief, appellant states that it was his intent to call Freeman as
a witness and ask him if he had told Cockerham that Manes knew of his intent to
hurt Sizemore.  Appellant argues in his
brief that, if Freeman denied it, he was going to call Cockerham as a witness
(or use a video of his statement) to impeach Freeman.








Appellant presents two points of error.  First, he argues that the trial court erred
when it refused to order the Ector County District Attorney=s Office to offer use immunity to
Freeman.  In his second point, he
maintains that the Ector County District Attorney=s
Office was guilty of prosecutorial misconduct in timing Freeman=s guilty plea so that it would not
occur until after appellant=s
trial.  Further, appellant takes the
position that Freeman should not have been allowed to assert his Fifth
Amendment privilege during appellant=s
trial. [2]  Appellant argues that, if Freeman can assert
the privilege, then he is denied his Sixth Amendment right of confrontation.[3]

AUse
immunity@ is
within the discretion of the prosecutor. 
Graham v. State, 994 S.W.2d 651, 656 (Tex. Crim. App. 1999); Alonzo
v. State, 67 S.W.3d 346, 360 (Tex.
App.CWaco
2001), pet. dism=d,
158 S.W.3d 515 (Tex. Crim. App. 2005).  
We know of no authority, nor have we been cited to any, that would
require the trial court to order the offer of Ause
immunity@ to one
who asserts, or who might assert, a Fifth Amendment privilege.  We decline to fashion such a rule.  Appellant=s
first point of error is overruled.

Even if the second point is preserved for review,
the district attorney was not guilty of prosecutorial misconduct in the timing
of the plea.  Freeman could have asserted
his privilege against self-incrimination either before or after his plea was
entered.  It made no difference as far as
Freeman=s assertion
of his privilege against self-incrimination was concerned when the plea took
place. Palomo v. State, 925 S.W.2d 329, 334 (Tex. App.CCorpus Christi 1996, no pet.).  Furthermore, one=s
privilege against self-incrimination trumps an accused=s
rights under the Sixth Amendment.  Bridge
v. State, 726 S.W.2d 558, 567 (Tex. Crim. App. 1986); Delrio v. State,
866 S.W.2d 304, 306 (Tex. App.CHouston
[14th Dist.] 1993, pet. ref=d).  Appellant=s
second point of error is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

June 7, 2007

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Appellant has based his statement of the case on facts
as taken from Freeman=s voluntary statement. 
For purposes of this appeal, we will accept those facts as true.





[2]See U.S. Const. amend. V.





[3]See U.S. Const. amend. VI.