

Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00279-CR

Bryan Earl **CERVENKA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR1969
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:  May 11, 2011

AFFIRMED

Bryan Earl Cervenka was convicted of aggravated sexual assault and indecency with a child. Cervenka appeals, complaining his right to a fair and impartial jury was violated, he received ineffective assistance of counsel, and the evidence is legally insufficient to support the verdict. We affirm the judgment.

## BACKGROUND

Cervenka and J.S.'s[1] mother, Melissa, started dating in April 2008, when J.S. was thirteen years old. J.S.'s family soon moved in with Cervenka. J.S. testified Cervenka began flirting with her and showing a sexual interest in her. J.S. told the jury she was still thirteen the first time she and Cervenka had sexual intercourse. Melissa and Cervenka were subsequently married, but Cervenka continued to have sexual contact with J.S. J.S. testified the last time they had sexual intercourse was on December 6, 2008, after she had turned 14. Two days later, after witnessing Cervenka being physically abusive to Melissa, J.S. made an outcry to her mother.

Melissa testified she had been suspicious about Cervenka's relationship with J.S., but had no real evidence until J.S. told her on December 8, 2008, that she and Cervenka had engaged in sexual intercourse. Melissa testified she immediately confronted Cervenka, but he did not seem to care. Melissa called the police and later took J.S. to a hospital to be examined. Carmen Perusquia testified she was a certified Sexual Assault Nurse Examiner and conducted an examination of J.S. During the exam, J.S. told Perusquia that Cervenka had intercourse with her approximately fifteen-to-twenty times.

## SUFFICIENCY OF THE EVIDENCE

We review the evidence for legal sufficiency by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We defer to the jury's determination of the weight to be given contradictory testimonial

---

[1] Given the nature of the offenses, we will refer to the complainant by her initials.

evidence because resolution of the conflict is often determined by the jurors' evaluation of the witnesses' credibility and demeanor. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

Count I of the amended indictment alleged that on or about September 30, 2008, Cervenka committed the offense of aggravated sexual assault by causing his sexual organ to contact and penetrate J.S.'s sexual organ, and J.S. was under the age of fourteen years. Court II alleged that on or about December 6, 2008, Cervenka committed the offense of indecency with a child by touching part of J.S.'s genitals with intent to arouse or gratify the sexual desire of any person.

J.S. testified she had sexual intercourse with Cervenka when she was thirteen years old. She testified her birthday is October 18, 1994, and that she and Cervenka had sexual intercourse twice on December 6, 2008. Cervenka challenges the legal sufficiency of the evidence by arguing that Melissa and J.S. had motives to testify falsely and pointing out inconsistencies in J.S.'s testimony. He also contends the police did not conduct a proper investigation. The essence of Cervenka's attack on the sufficiency of the evidence is that the jury chose to believe the wrong witnesses. However, viewing the evidence in the light most favorable to the jury's verdict, and deferring to the jury's apparent credibility determinations, we hold the evidence is sufficient to permit a rational jury to find the essential elements of both offenses beyond a reasonable doubt.

## JUROR ISSUES

In two issues, Cervenka complains about the service of two allegedly biased jurors. He argues his attorney rendered ineffective assistance by failing to strike the two veniremen, and further argues that their service on the jury constituted structural error that violated his constitutional right to due process.

Cervenka first asserts venireperson Santiago Delgado was biased. During the State's general voir dire, Delgado indicated he could not consider the minimum punishment of two years probation for someone convicted of indecency with a child,[2] and Delgado raised his hand when the panel was asked whether they may feel someone is guilty or a "pervert" simply because the person is charged with a sex crime. Delgado also responded "probably not" when asked by the State if he could be fair and impartial, but told the defense counsel he would follow the law and find Cervenka not guilty if the state proved his guilt but failed to prove venue. Defense counsel did not individually question Delgado about his statement that he could "probably not" be fair and impartial.

Cervenka also asserts venireperson Clifton Neely was biased. During the defense's general voir dire, Neely and twenty-six other veniremen indicated that they "felt the same way" as another venireperson, who had stated a child is not likely to lie about sexual abuse. Neither party questioned Neely further about this issue. However, in response to other questions, Neely indicated he would like to have more than the testimony of one person before voting to convict, and indicated he could consider the full range of punishment, including two years probation.

### Ineffective Assistance of Counsel

To establish constitutionally ineffective assistance of counsel, a defendant must prove by a preponderance of evidence his trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To demonstrate deficient performance, the defendant must show counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We indulge a strong presumption that "counsel's conduct fell within a wide range of reasonable representation."

---

[2] Delgado did not raise his hand when defense counsel asked the same question during his general voir dire.

*Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). To overcome this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. Furthermore, to show he was prejudiced by counsel's deficient performance, a defendant must "show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)(footnotes and citations omitted). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland*, 466 U.S. at 700. "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional." *Id.*

In *Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992), the court considered whether trial counsel's failure to challenge a venireman for cause or use a peremptory strike against him was ineffective assistance. Delrio was on trial for drug charges and the venireman was a former narcotics officer who stated during voir dire that he knew the defendant from his work as a police officer. *Id.* at 443-44. The venireman also stated he could not be a fair and impartial juror. *Id.* at 445. The court of appeals held trial counsel rendered ineffective assistance. *Delrio v. State*, 820 S.W.2d 29, 32 (Tex. App.—Houston [14th Dist.] 1991). The Court of Criminal Appeals reversed, stating that it would not "say, as the court of appeals did, that under no

circumstances could defense counsel justifiably fail to exercise a challenge for cause or preemptory strike against a venireman who deemed himself incapable of serving on the jury in a fair and impartial manner." *Delrio*, 840 S.W.2d at 446. The Court of Criminal Appeals ultimately held that the record on direct appeal was insufficient to overcome the presumption that trial counsel exercised reasonable professional judgment and functioned within prevailing professional norms. *Id.* at 447.

In *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994), the court again considered whether a trial counsel's failure to strike a venireman who stated that he could not be impartial constituted ineffective assistance. The court reiterated its ruling in *Delrio*, holding the record on direct appeal was insufficient to overcome the strong presumption that trial counsel engaged in reasonable trial strategy. *Id.* at 771-72. "Due to the lack of evidence in the record concerning trial counsel's reasons for not challenging or striking [the venire member], we are unable to conclude that appellant's trial counsel's performance was deficient." *Id.* at 771.

The court again reaffirmed its holding in *Delrio* in *State v. Morales*, 253 S.W.3d 686 (Tex. Crim. App. 2008). There, the defense attorney challenged for cause a prospective juror who was an assistant district attorney in the office that was prosecuting Morales. The trial court denied the challenge, and the prosecutor served on the jury because trial counsel did not use a peremptory challenge to strike her. 253 S.W.3d at 689. On direct appeal, the court of appeals reversed the judgment, holding that the juror was biased as a matter of law and trial counsel rendered ineffective assistance by failing to exercise a peremptory challenge in order to preserve error. *Id.* at 691. The Court of Criminal Appeals reversed, holding that "[e]ven if it is appropriate to regard [the juror] as impliedly biased under the Sixth Amendment, that does not

*ipso facto* establish that trial counsel could not make a legitimate tactical decision to keep her on the appellant's jury." *Id.* at 698-99.

Even if we were to assume the record demonstrates jurors Delgado and Neely were biased against Cervenka, the record is completely silent as to trial counsel's reasons for not challenging them for cause or using peremptory strikes against them. Cervenka has not provided a record that affirmatively demonstrates the alleged ineffectiveness and therefore has not sustained his burden to show counsel's performance was deficient. *See Thompson*, 9 S.W.3d at 813; *Jackson*, 877 S.W.2d at 771-72; *Delrio*, 840 S.W.2d at 447.

### Biased Jurors & Structural Error

Cervenka also argues his right to a fair trial was violated by the presence of two biased jurors, requiring us to reverse the judgments. Conceding he did not preserve error, Cervenka argues that "a biased panel is structural error that cannot be waived." We disagree. The right to an impartial jury is not "an inflexible constitutional imperative which cannot be procedurally defaulted or consciously waived." *Delrio*, 840 S.W.2d at 445. "Rather, we have recognized it to be a right of the accused, which must be pressed in some fashion at trial before reversal of his conviction may be predicated upon its breach." *Id.* And the failure to have an impartial jury is not structural error. *See Morales*, 253 S.W.3d at 697 (holding the right to an impartial jury "is not to be regarded . . . as a fundamental feature of the system which is not optional with the parties").

Cervenka urges us to follow *Virgil v. Dretke*, 446 F.3d 598 (5th Cir. 2006), in which the court stated that the absence of an impartial jury is structural error. *Id.* at 607. However, this was not the direct holding in *Virgil*. Rather, the court held that trial counsel's failure to challenge for cause or peremptorily strike two apparently biased veniremen was constitutionally

deficient performance that prejudiced the defendant.  *Id.* at 610-13.  In reaching that conclusion, the court reviewed trial counsel's affidavit and found that it failed to suggest any reasonable trial strategy for his failure.  *Id*. at 610.  We do not believe *Virgil* requires us to depart from the holdings of *Delrio*, *Morales*, and *Jackson*.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH